NELSON CREVELING, GUARDIAN ETC. V. NANCY MOORE ET AL.

*Laches—Irregularities in chancery subpœna.*

After the lapse of nearly a year from entry of a decree after an order *pro confesso* on personal service, advantage cannot be taken of such defects as that the subpœna served was signed by the deputy register in his own name; that it described the complainant as "Nelson Creveling of Minnie J. Boudman," while the decree was in favor of "Nelson Creveling, *guardian* of Minnie J. Boudman;" and that the copy of the subpœna served was not subscribed by the complainant or his solicitor or by the officer making service.

Appeal from St. Joseph. Submitted October 23. Decided October 31.

FORECLOSURE. Defendants appeal from an order denying a motion to set aside the decree.

*Pealer & Andrews* for complainant. A chancery subpœna need not be signed by the register, *Calender v. Olcott,* 1 Mich., 344; and if it should be, the want of his signature is only an irregularity, *Torrens v. Hicks,* 32 Mich., 307; a chancery subpœna need not state the character in which complainant sues, 1 Chitty Pl., 250; and the provision in Chancery Rule 10, that it be subscribed by the complainant, his solicitor, or the person serving it, is merely permissive, *Dwight v. Humphreys,* 3 McL., 104; "Justice ought not to stumble at straws," *Peck v. Houghtaling,* 35 Mich., 132; *Smith v. Lloyd,* 29 Mich., 382; an application to set aside a foreclosure decree a year after it was entered, is too tardy, *Warner v. Juif,* 38 Mich., 662; *Benedict v. Thompson,* Walk. Ch., 446.

*A. E. Hewett* and *O. F. Bean* for defendants. A chancery foreclosure is a statutory proceeding, and every statutory provision in favor of the owner of the land must be strictly followed, *Bloom v. Burdick,* 1 Hill, 141;

*Sharp v. Speir*, 4 Hill, 76; *Sharp v. Johnson*, id., 99; *Atkins v. Kinnan*, 20 Wend., 248; *Jackson v. Esty*, 7 Wend., 148; *Sherwood v. Reade*, 7 Hill, 431; *Jackson v. Shepard*, 7 Cow., 88; jurisdiction is not obtained over defendants where the bill appears to have been filed in one case, and the subpœna to have been issued in another, 1 Barb. Ch., 49; *Blanchard v. Strait*, 8 How. Pr., 83; *Gardner v. Clark*, 6 id., 449; *Elliott v. Hart*, 7 id., 25; 1 Archb. Pl., 81; and if a court proceeds without having acquired jurisdiction, its action is void, *Bigelow v. Stearns*, 19 Johns., 38; *Wilson v. Arnold*, 5 Mich., 105; where a bill is taken as confessed while its jurisdiction is doubtful, relief will be granted, *Adriance v. Mayor*, 1 Barb., 19; and where the want of jurisdiction appears in the proceedings the court must dismiss them, whether the objection is taken by the defendant or not, *Gamber v. Holben*, 5 Mich., 331; *Greenvault v. F. & M. Bank*, 2 Doug. (Mich.), 498; *Turrill v. Walker*, 4 Mich., 177; *Moore v. Ellis*, 18 Mich., 77; a decree cannot be taken on default unless it would have been authorized by the state of the proceedings if there had been no default, *Hardwick v. Bassett*, 25 Mich., 149.

COOLEY, J. Decree in this case was entered May 26, 1877, after order *pro confesso* on personal service of process. On the first day of May, 1878, the defendants filed a petition that the decree and order *pro confesso* be set aside on the following grounds:

1. That the subpœna issued and served upon them was signed by the deputy register in his own name, and not in the name of his principal.

2. That by the subpœna the defendants were called in to answer to the bill of complaint of "Nelson Creveling, of Minnie J. Boudman," whereas the decree is in favor of Nelson Creveling, *guardian* of Minnie J. Boudman.

3. That the copy of subpœna served upon them was not subscribed by the complainant or his solicitor, or by

the officer serving the same, as required by the rules of court.

The prayer of this petition was denied. This was correct. The defects were mere irregularities, and if the defendants desired to take advantage of them they should have moved promptly. After the lapse of time appearing in this case, such objections are not to be listened to.

The order appealed from is affirmed with costs.

The other Justices concurred.