## MABBETT vs. VICK and others.

### October 1 — October 18, 1881.

VACATING JUDGMENT. (1) *Power of circuit court to set aside justice's judgment after transcript filed.* (2) *When judgment not to be vacated for defective service of summons.* (3) *Serving officer not bound by proceedings · vacating judgment.* (4) *Rights of assignee of judgment, as against serving officer.*

SUMMONS. (5) *Proper style.*

1. Where a transcript of a justice's judgment has been filed in a circuit court, that court (notwithstanding sec. 2900, R. S.) has no authority to *set aside* the judgment, on motion, for a defect in the service of the summons. Whether it has power to set aside such judgment, on motion, for any reason, *quœre*.

2. Where the summons was dated November 23d, and the copy served specified, by mistake, the 2nd day of the *same month* as return day, the circuit court should not set aside for that reason *its own* judgment, acknowledged to be just and equitable.

3. The officer who served the summons, not having been a party to the proceedings setting it aside, is not bound by them, but may attack their regularity and validity in an action against him for a false return.

4. Whether the assignee of a judgment duly set aside for a defective service would succeed to his assignor's right of action against the officer for a false return, not decided.

5. It is not a fatal defect in a summons that its style is "State of Wisconsin," instead of "The State of Wisconsin." Const. of Wis., art. VII, sec. 17.

APPEAL from the County Court of *Milwaukee* County. This action was brought against *Vick* as constable, and his codefendants as sureties on his official bond, for an injury alleged to have been sustained by reason of a false return by *Vick* of a summons in justice's court in an action by J. S. Mabbett against J. V. V. Platto. The return was, that *Vick* had served the summons by reading it to the defendant therein named personally, and giving him a copy thereof. On the return day of the summons, Platto did not appear, and judgment was rendered against him in favor of J. S. Mabbett for

about $80; and a transcript thereof was docketed in the circuit court for Milwaukee county. Afterwards J. S. Mabbett assigned the judgment for value to the plaintiff, *Hiram J. Mabbett*, and the assignment was filed and recorded in the office of the clerk of said circuit court. Afterwards, upon the petition of Mr. Platto and another, and after a hearing, the circuit court made an order setting the judgment aside, and directed the sheriff to return unsatisfied an execution issued thereon, on the ground that the summons in that action had never in fact been served; and thereupon this action was brought by the assignee of the judgment.

The alleged defects in the attempted service of the summons upon Mr. Platto are stated in the opinion.

Upon the trial, the court overruled a general objection by the defendants to the admission of any evidence, on the ground that the complaint did not state a cause of action. The plaintiff offered in evidence the transcript of the justice's judgment against Mr. Platto, the record thereof in the circuit court, the assignment of the judgment, the motion to set it aside, and the order of the court setting it aside. Defendants objected to the admission of the evidence, on the ground that the summons attempted to be served on Mr. Platto did not run in the name of " *The* State of Wisconsin " and was therefore illegal, and the officer was under no obligation to serve it, and that there was no judgment, and could therefore be no transcript of the judgment filed, and no legal proceedings upon the judgment. The objection was overruled. After the plaintiff's evidence was all in, defendants' motion for a nonsuit was denied. Plaintiff had a verdict and judgment; and defendants appealed from the judgment.

For the appellants, there was a brief by *Martin & Schoof*, and oral argument by *Mr. Martin:*

1. The cause of action is not assignable. *Lamphere v. Hall*, 26 How. Pr., 509; *McArthur v. G. B. & M. Canal Co.*, 34 Wis., 139; *Noonan v. Orton*, id., 259. The test of assigna-

bility of choses in action for torts is, that they survive to the personal representatives. *Jordan v. Gillen*, 44 N. H., 424; *Noonan v. Orton, supra;* Burrill on Assign., § 103. Actions of this nature do not survive at common law; nor do they survive by virtue of our statute, sec. 2, ch. 135, R. S. 1858. 2. If the cause of action was assignable, there is no proof that it was ever assigned. The assignment of the judgment did not have that effect. 3. The summons delivered to the officer was not in the form required by the constitution and the statute (Const., art. VII, sec. 17; R. S. 1858, ch. 120, secs. 14, 15, 35), and was therefore a nullity, and if served would not have given the court jurisdiction. *Roach v. Moulton*, 1 Chand., '187; *Streeter v. Frank*, 4 id., 93. No action will lie against an officer for a false return of such a summons.

For the respondent there was a brief by *Jenkins, Elliott & Winkler*, and oral argument by *Mr. Jenkins:*

1. A cause of action even for a tort is assignable if the tort be one by which property is lost or injured, by which the owner's estate is diminished. *Tyson v. McGuineas*, 25 Wis., 656; *McArthur v. G. B. & M. Canal Co.*, 34 id., 139, 151; *Webber v. Quaw*, 46 id., 118; *McKee v. Judd*, 12 N. Y., 625; *Merrill v. Grinnell*, 30 id., 594; *The People v. Tioga C. P.*, 19 Wend., 73; *Field v. N. Y. C. Railroad Co.*, 25 How. Pr., 285; *Dininny v. Fay*, 38 Barb., 18; *Merrick v. Brainard*, id., 574; *McDougall v. Walling*, 48 id., 364; *Woodbury v. Deloss*, 65 id., 501. Our cause of action shows a loss of property. *Dininny v. Fay, supra*. But this can scarcely be called an action of tort. Its basis is not only the implied contract of the officer to discharge the duties of his trust, but the express contract, the bond, for the breach of which we sue. 2. The assignment of the judgment carried with it the claim on which the judgment was founded. *Pattison v. Hull*, 9 Cow., 747, 751; *Rose v. Baker*, 13 Barb., 230, 232; *Thomas v. Hubbell*, 35 N. Y., 120, 122; *Craig v. Parkis*, 40 id., 181; *Bolen v. Crosby*, 49 id., 183, 187; *Brown v. Scott*,

25 Cal., 189. The gist of our action is the lost claim. Recovering against the defendants, we recover that claim. If public policy did not forbid, defendants, on paying, would be entitled to subrogation in respect to the debt. *Carpenter v. Stilwell*, 11 N. Y., 61; *State ex rel. Mann v. Brophy*, 38 Wis., 413. "The right to the debt as evidenced by the judgment, . . . and the right to recover the same debt from the defendants, . . . cannot exist in the hands of different persons." 49 N. Y., 187. Perhaps it is inaccurate to say that our cause of action comes to us by assignment. No party to a judgment can collaterally attack it; but he must seek his relief from a false return in the court where the judgment was entered (Wharton's Law of Ev., § 833; *Carr v. Com. Bank of Racine*, 16 Wis., 50; *Klauber v. Charlton*, 47 id., 564); nor can one maintain an action for a false return unless he has been damnified *(Comm. v. McCoy*, 8 Watts, 153; *Comm. v. Lelar*, 1 Phila., 333; *Nash v. Whitney*, 39 Me., 341); and in this case the assignee, and not the assignor, was damnified.

COLE, C. J. The point was much discussed on the argument, whether the assignment of the judgment would have the effect to transfer the right of action of the assignor against the constable for a false return. It is said by defendants' counsel that such a cause of action sounds in tort, does not survive to the personal representative at common law, and is not assignable under the statute. Whether this position is sound we shall not decide. For the purposes of this case we assume that the right of J. S. Mabbett to bring an action against the constable for a false return was transferred to the plaintiff by the assignment of the judgment, and that the plaintiff can maintain this suit if his assignor could. But we do not think J. S. Mabbett himself could maintain the action upon the facts appearing in the record. Of course the defendant constable was not a party to the proceedings in the

circuit court, setting aside the judgment in the case of *Mab-bett v. Platto*, and is not bound by them.   So far as he is con-cerned, they are *res inter alios acta*.   He has the undoubted right to attack the regularity and validity of those proceedings in this action.   Such being the case, we must inquire whether the order of the circuit court, setting aside the judgment of the justice, was properly made.   It is a matter of grave doubt whether the circuit court has power, upon any state of facts which might be presented, to set aside a justice's judg-ment as was attempted to be done in this case.   A transcript of the justice's judgment had been filed, and a motion, founded on such transcript and affidavits produced by the moving party, was made to set aside the justice's judgment. On the hearing of that motion, the circuit court "ordered that the judgment heretofore rendered herein be, and the same is hereby, set aside without costs."   What authority has the circuit court, on such a motion, to review the sufficiency or regularity of the judgment rendered by the justice?   Doubt-less the circuit court has control, to a certain extent, over such transcripts, and may strike them off the record, or vacate any entries made upon them, in a proper case.   *Steckmesser v. Graham*, 10 Wis., 37.   But we do not understand that the circuit court, on such a motion, has power to review or reverse the justice's judgment for any reason.   It is true, the statute provides, when a transcript has been filed, that every such judgment, from the time of the filing of the transcript, shall be deemed the judgment of the circuit court, be equally under the control thereof, and be carried into execution, both as to the principal judgment debtor and his surety, if any, in the same manner and with like effect as the judgments thereof.   Section 2900, R. S.   We do not, however, think this provision was intended to or does confer the power on the cir-cuit court, on a motion based upon the transcript and affidavits showing irregularities or even want of jurisdiction before the justice, to reverse and set aside a justice's judgment.   On a

proper showing, as we have said, the circuit court may strike the transcript from its records, or refuse to enforce it by execution. This, we think, is, the extent of the power of the circuit court over such a transcript and judgment.

But, conceding that we are wrong in this view of the law, still we are clearly of the opinion, if the circuit court had the same power over the judgment in question as it has over its own judgments, that no case was made by the judgment debtor for setting it aside or interfering with the transcript. This court has frequently decided that the power to vacate a judgment by confession is an equitable one, and will be exercised on equitable principles (*Pirie v. Hughes*, 43 Wis., 531); and this case should, under the circumstances, stand upon the same ground. The judgment debtor did not claim that the judgment was unjust or inequitable for any reason. He merely insisted that the justice did not acquire jurisdiction of his person by the service of process which was made by the constable. In this he was mistaken: The justice *prima facie* had jurisdiction by virtue of the return of the constable. The return states that the summons was duly served upon the defendant by reading the same and giving him a copy, on the 25th day of November, 1876. But it is insisted that this return is not conclusive in this action as to the manner of service (*Carr v. Commercial Bank*, 16 Wis., 51), but could be and was shown to be false in fact. We may assume the facts as to the manner of service of the summons to be as stated by Mr. Platto in his affidavit which was used on the motion to set aside the judgment, though in some material points he is contradicted by the testimony of the officer. Mr. Platto admits and states that on the 25th of November, 1876, there was delivered to and left with him by the officer the paper which he describes as an " exhibit." That paper is a copy of a summons issued by the justice in the usual form, bearing date November 23d. The return day, as therein stated, is November 2, 1876. Now there are two objections taken by counsel to the service of this process. First, it is insisted that both

the original summons and the copy failed to conform to the style of writs and process as prescribed by section 17, article VII of the constitution, and were therefore void.    The style of the summons was "State of Wisconsin," instead of "The State of Wisconsin," the article being omitted.    But we do not think the word "the" before the word "state" was a fatal defect, or that it was essential to show that the summons was the process of the state, and ran in the name of the state. The objection on that ground seems really hypercritical, and we overrule it without further comment.    The other objection relates to the mistake in the return day as given in the copy served.    In regard to that we have this to say, that we think it affords no ground for setting aside the judgment.    Mr. Platto does not claim or pretend in his affidavit that he was misled by the clerical error as to the return day, or was in any way prejudiced by it.    No man of ordinary sense — saying nothing about an intelligent member of the legal profession, as Mr. Platto is — could for a moment be in doubt as to the proper return day.    And if he had had any defense to the action on the merits before the justice, he would doubtless have appeared and made it.    To contend that he had not notice of the suit seems almost like trifling with courts.    He certainly had notice of the commencement of the action against him by J. S. Mabbett, had an opportunity to defend that suit had he seen fit to do so, and does not pretend that the judgment which was rendered was inequitable or unjust.    He applied to have the judgment set aside, and it was vacated for a mere irregularity in the service of the copy of the summons, which could not possibly have misled him in any way as to the return day. Of course, no equitable grounds existed on these facts for setting the judgment aside.

These views would be fatal to a recovery in this action for a false return even were the suit brought by the judgment creditor, J. S. Mabbett, himself.

*By the Court.*— The judgment of the county court is reversed, and a new trial ordered.