## MARY B. LEE vs. MATT CLARK.

Argued by appellant, submitted on brief by respondent, May 3, 1893. Decided May 19, 1893.

**Subscription of Attorney's Name to Copy of Summons Served.**

The original summons in an action was duly subscribed by plaintiff's attorneys, and their place of business was stated with unnecessary particularity. It was also indorsed upon the back in the same way. Attached to the summons was the complaint, duly signed by plaintiff's attorneys. Copies of the summons and of the complaint were served together upon defendant, accurate and complete in every respect, except that

the firm name of the plaintiff's attorneys was omitted when transcribing the subscription to the summons. *Held* a mere irregularity, and that, if defendant desired to take advantage of it, he should have done so by a motion to set aside the service.

Appeal by defendant, Matt Clark, from an order of the District Court of Hennepin County, *Thomas Canty*, J., made August 25, 1892, denying his motion to set aside and vacate the judgment entered against him November 28, 1890, for $4,989.71 in favor of plaintiff, Mary B. Lee.

Between April 1, 1883, and September 1, 1884, the plaintiff, Mary B. Lee, employed defendant to sell on commission, a large quantity of saw logs, of the value of $7,404.82 over and above his commissions; all of which logs he sold within that time under such employment, and received the price. He accounted for and paid over to plaintiff $3,937.70, but no more. She brought this action July 26, 1890, to recover the balance with interest. The copy of the summons served was not subscribed with the name of the plaintiff's attorneys. Their firm name was indorsed on the back of the summons, and was signed to the copy of the complaint attached to, and served with, the summons. No notice of appearance or answer was served, and on November 28, 1890, judgment was entered. On August 6, 1892, defendant moved the court to vacate the judgment. The motion was denied, and he appeals.

*Ewing & Ewing*, for appellant, cited *Ames* v. *Schurmeier*, 9 Minn. 221, (Gil. 206;) *Hotchkiss* v. *Cutting*, 14 Minn. 537, (Gil. 408;) *Herrick* v. *Morrill*, 37 Minn. 250.

*Penney, Jamison & Hayne*, for respondent, cited *Nye* v. *Swan*, 42 Minn. 243; *Herrick* v. *Butler*, 30 Minn. 156; *Mabbett* v. *Vick*, 53 Wis. 158; *Low* v. *Mills*, 61 Mich. 35; *Creveling* v. *Moore*, 39 Mich. 563; *Gould* v. *Castel*, 47 Mich. 604; *Gerrish* v. *Hunt*, 66 Iowa, 682; *Heinrich* v. *Englund*, 34 Minn. 395.

COLLINS, J. The summons in this action, which was brought for the recovery of money, was in strict compliance with the requirements of 1878 G. S. ch. 66, §§ 53, 54, being subscribed thus: "Penney & Rogers, Attorneys for Plaintiff, No. 43 Washington Avenue

South, Rooms 7, 8, and 9, Minneapolis, Minn." The same words and figures appeared as an indorsement upon the back of the summons. The original complaint, properly subscribed by plaintiff's attorneys, was attached to the summons. From the affidavit of service it appears that a private person made the same July 26, 1890, by handing to and leaving with the defendant's wife, at the house of his usual abode, (said wife being then a resident of the house, and a person of suitable age and discretion,) true and correct copies of the summons and complaint. November 28, 1890, judgment was entered against defendant for want of answer upon filing the original summons and complaint, with due proof of service, made on defendant as before stated, and an affidavit of no answer. In July, 1892, defendant moved to set aside and vacate the judgment, on the ground of an irregularity or defect in the mode of service of the summons, which he claimed went to the jurisdiction of the court to enter the same; and on the hearing it was conclusively shown that the firm name of plaintiff's attorneys, "Penney & Rogers," as this firm name appeared, in connection with the firm's place of business as before indicated, in the subscription to the original summons, had been omitted from the copy left with Mrs. Clark. In every other respect—the street, the number thereof, the numbers of the rooms, and the city in which the attorneys had their office, including the full indorsement on the back—the copy served was accurate and complete. The defendant's counsel urge this defect and omission as fatal to the service, and as rendering the judgment absolutely void.

The original summons and attached complaint were regular in every way, and the affidavit of the person serving the same showed due service of both upon the defendant. The court, *prima facie,* had acquired jurisdiction of defendant's person, and upon the filing of these papers and proofs, with an affidavit of no answer, was fully authorized to enter the judgment. From the copies of the summons and complaint actually served it clearly appeared who plaintiff's attorneys were, as well as the location of their office, the latter with unnecessary particularity. The defect in the copy of the summons was not substantial, nor of a character calculated to mislead, nor is there any intimation that defendant was misled thereby. The omission to transcribe the names of plaintiff's attorneys when

copying the summons for service was of no more consequence than was the error in the original summons and copy, as served, which was the subject of consideration in *Millette* v. *Mehmke*, 26 Minn. 306, (3 N. W. Rep. 700.)

At most the omission was but a mere irregularity, and, if defendant desired to take advantage of the same, he should have done so by a motion to set aside the service. See *Creveling* v. *Moore*, 39 Mich. 563; *Low* v. *Mills*, 61 Mich. 35, (27 N. W. Rep. 877;) *Mabbett* v. *Vick*, 53 Wis. 158, (10 N. W. Rep. 84.)

When there has been a departure from the requirements of the statute in regard to the service of a summons in any substantial matter affecting the rights of a defendant, jurisdiction of his person will not be acquired, and a judgment entered on such service will be set aside and vacated on proper application. But no such case is now before us.

Order affirmed.

VANDERBURGH, J., absent, took no part.

(Opinion published 55 N. W. Rep. 127.)