SERRANO, PLAINTIFF AND RESPONDENT, *v.* BERDIEL ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in an Action for
Nullity of Foreclosure Proceedings, etc.

No. 1195.—Decided May 17, 1915.

SUMMONS — SERVICE — AGE OF PROCESS SERVER — RETURN. — When summons is
served by a person other than the marshal and there is no proof that the
process server is over eighteen years of age, the judgment will be reversed
for such defect. The age of the process server should be stated in the
return.

ID.—SERVICE—RETURN.—It is good practice to state in the return that the per-
son who served the process was not a party to the suit even when this fact
appears from the record itself.

ID.—SERVICE—ATTORNEY'S NAME ON SUMMONS.—The object of section 89 of
the Code of Civil Procedure, which provides that the name of the plain-
tiff's attorney must be endorsed on the summons, is that the defendant
may know with whom to treat in matters of notice or payment. The fail-
ure to endorse the name of the plaintiff's attorney on the summons is a
mere irregularity and unless motion is made in the lower court to set aside
the service and the summons is not otherwise defective, the service will
stand.

The facts are stated in the opinion.
*Mr. Francisco Parra* for the appellant.
*Mr. Ramón Dapena* for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

Judgment was rendered by default against José Berdiel
y Corbera and Francisco Lugo y Ríos inasmuch as neither
of them appeared or answered the complaint in this case.
On appeal they attack the sufficiency of the proof of serv-
ice. The affidavit of service against Francisco Lugo Ríos is
as follows:

"I, Leonardo Pagán Soto, resident of this municipality of Adjun-
tas, do hereby state that I received the present summons at nine
o'clock of April 5, 1914, and that on April 6, 1914, notified Fran-
cisco Lugo y Ríos personally of the same at his house or residence
in the ward of Tanamá of this municipality, he being the person
mentioned in the summons, delivering and leaving in the hands of
said Francisco Lugo y Ríos a copy of the said summons as well as

a faithful copy of the complaint mentioned in the summons. Dated April 6, 1914. Sworn to before me by Leonardo Pagán Soto, twenty-seven years old, married, farmer, and a resident of this municipality of Adjuntas, P. R., whom I personally know. Adjuntas, P. R., this 7th of April, 1914. Américo Rodríguez, Municipal Judge of Adjuntas.''

Both parties agree that the service against Lugo was defective. There was no proof that the person who made the service against Lugo was over 18 years of age. This was reversible error. *Andino* v. *Knight,* 20 P. R. R., 185. There was likewise no proof that the process server was not a party to the suit, although perhaps such fact appears from the record itself. It would be better practice for the affidavit of service to state that the person who served the process was not a party.

The affidavit of Torres, who served Berdiel, is as follows:

''I, Juan Martínez Torres, unmarried, over 21 years of age, tradesman and a resident of this municipality of Ponce, do hereby state under oath that I received the present summons yesterday, the 3rd of June, 1914, at three o'clock in the afternoon, and notified the same to José Berdiel Corbera at his house in the ward of Playa of this city, on said 3rd of June, 1914, at 5 p. m., leaving in the hands of said Berdiel a copy of the said summons as well as a copy of the complaint mentioned in the summons, which is a faithful and exact copy of its original. Ponce, P. R., June ·4, 1914. Juan Martínez Torres. Sworn to before me this 4th day of June, 1914, by Juan Martínez Torres, whose personal conditions are as stated in the affidavit, and whom I personally know. · Francisco C. Descartes, Notary Public.''

Thus it was shown that Torres was over 18 years of age, but the affidavit did not set forth that Torres was not a party.

Appellant also alleges that the affidavits of service were otherwise defective in not showing the time and place of service. We believe that both of the affidavits complied with the law in this regard.

Appellant also contends that the service was incomplete inasmuch as the name of the attorney of record was not indorsed on the summons.

Section 89 of the Code of Civil Procedure provides as follows:

"Section 89.—The summons must be directed to the defendant, signed by the secretary, and issued under the seal of the court and must contain:

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"5. In other actions, a notice that unless defendant so appears and answers, the plaintiff will apply to the court for the relief demanded in the complaint. The name of the plaintiff's attorney must be endorsed on the summons."

We shall consider the nature of this requirement of paragraph 5. In an early case in Indiana, *Hutchins* v. *Latimer*, 5 Ind., 67, May 23, 1854, the judgment was reversed for two fatal defects and one of them was the failure to endorse the attorney's name on the summons. The court said:

"As to the endorsement of the attorney's name, the statute is express that it shall be done. R. S. 1843, p. 624. The object is, that the defendants may know whom to treat as such in matters of notice or payment. Where the objection is thus made to the process, without appearance waiving any irregularity, it must prevail."

Thus it will be seen that the Indiana court said in reversing that the object of the statute was to permit the defendant to know with whom he could treat, and we know of no other reason for the requirement. We think a sounder practice is followed in some of the later opinions from other States. In *Lee* v. *Clark,* 53 Minn., 315, it was held that a failure of this kind was a mere irregularity and where the summons was otherwise effective the defendant would have to come in and move to set aside the service. *Millette* v. *Mehmke,* 26 Minn., 306, cited by the Minnesota court, was a case where a copy of the complaint was not served with the summons and this omission was likewise held to be a mere irregularity and the court overruled the strict doctrine of an earlier case. Other cases cited by that court tend to support this conclusion. *Greveling* v. *Moore,* 39 Mich., 563; *Low* v. *Mills,* 61 Mich., 35, (27 N. W. Rep., 877); *Mabbett*

v. *Vick,* 53 Wis., 158, (10 N. W. Rep., 84). Similarly, in *People* v. *Wrin,* 143 Cal., 14, the court held that the name of the attorney was not a part of the summons so as to defeat a service by publication omitting the name.

We held in the case of *Andino* v. *Knight, supra,* that the age of the process server must appear by the affidavit. The certificate of the justice to the affidavit of Leonardo Pagán Soto was not sufficient. The justice had no jurisdiction to certify and he was not responsible for a false statement, as he made no oath. Hence we must hold that it has not been shown that the court acquired jurisdiction over Lugo. As the complaint prays the nullity of mortgage proceedings in which both parties intervened, and as there is no showing of jurisdiction over Lugo, the judgment must be reversed as to both parties, without prejudice to the right of the respondent by amendment or otherwise to correct the defective affidavit.

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.