SERRANO, DEMANDANTE Y APELADO, *v.* BERDIEL ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa sobre nulidad de ejecución hipotecaria y otros extremos.

No. 1195.—Resuelto en mayo 17, 1915.

EMPLAZAMIENTO—EDAD DE LA PERSONA QUE LO DILIGENCIA.—Cuando el emplazamiento es hecho por una persona que no es el márshal y no existe prueba alguna de que la persona que lo practica es mayor de 18 años, tal defecto produce la revocación de la sentencia. Debe hacerse constar en el *affidavit* la edad de la persona que verifica el emplazamiento.

ID.—DILIGENCIAMIENTO—PARTE EN EL PROCEDIMIENTO.—Aun cuando de los mismos autos aparezca, es una buena práctica que en la declaración escrita y jurada de haberse notificado el emplazamiento se haga constar que la persona que lo diligencia no era parte en el procedimiento.

ID.—NOMBRE DEL ABOGADO DEL DEMANDANTE—OMISIÓN DEL NOMBRE AL DORSO DEL EMPLAZAMIENTO.—El objeto del artículo 89 del Código de Enjuiciamiento Civil que determina que el nombre del abogado del demandante se hará constar al· dorso de la citación, es para que el demandado sepa con quién puede entenderse a los efectos de notificaciones de pago. La omisión de consignarse el nombre del abogado del demandante al dorso de la citación es una mera irregularidad que a falta de una gestión en la corte inferior no anula la notificación hecha, cuando ésta no adolece de ningún otro defecto que la invalide.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. *Francisco Parra.*

Abogado del apelado: Sr. *Ramón Dapena.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Se dictó sentencia en rebeldía contra José Berdiel Corbera y Francisco Lugo y Ríos por no haber comparecido ninguno de ellos o contestado la demanda que fué presentada en este caso. En la apelación impugnan éstos la suficiencia de la prueba relativa al servicio del emplazamiento. La declaración escrita y jurada (*affidavit*) de haber sido notificado el emplazamiento a Francisco Lugo, es como sigue:.

"Yo, Leonardo Pagán Soto, residente en este municipio de Adjuntas, P. R., hago constar: que recibí el presente emplazamiento a las nueve de la mañana del día cinco de abril de 1914, y que notifiqué el mismo personalmente el día 6 de abril de 1914, a las 9 de la mañana, a Francisco Lugo y Ríos en su domicilio o morada en el barrio Tanamá de este término municipal, que es la persona del demandado mencionado en dicho emplazamiento, entregando a dicho demandado y dejando en su poder personalmente en dicho domicilio del barrio Tanamá una copia de dicho emplazamiento y en poder del demandado Francisco Lugo Ríos una copia fiel y exacta de la demanda en el pleito mencionado en dicho emplazamiento. Jurada y firmada ante mí, por Leonardo Pagán Soto, de veinte y siete años de edad, casado, agricultor, residente en este municipio de Adjuntas, P. R., a quien conozco personalmente, hoy en Adjuntas, P. R., a siete de abril de mil novecientos catorce. Américo Rodríguez, Juez Municipal de Adjuntas."

Ambas partes están de acuerdo en que la notificación hecha a Lugo fué defectuosa. No hubo prueba alguna de que la persona que practicó el emplazamiento a Lugo fuera mayor de 18 años de edad. Este era un error por el que podía revocarse la sentencia. *Andino* v. *Knight,* 20 D. P. R., 185. De igual modo no quedó probado que la persona que hizo la notificación de las diligencias no era parte en la acción aunque tal vez ese hecho aparece de los mismos autos. Sería mejor práctica que en la declaración escrita y jurada de haberse notificado el emplazamiento se haga constar que la persona que lo diligenció no era parte en el procedimiento.

La declaración (*affidavit*) de Torres que fué quien sirvió el emplazamiento a Berdiel es la siguiente:

"Yo, Juan Martínez Torres, soltero, mayor de 21 años, industrial y vecino de esta ciudad de Ponce, bajo juramento declaro: que en el día de ayer 3 de junio del corriente año, hora de las tres de la tarde, recibí el presente emplazamiento, y notifiqué el mismo a Don José Berdiel Corbera en su domicilio en el barrio Playa de esta ciudad, en dicho día 3 de junio de 1914, hora de las cinco de la tarde, dejando en poder de dicho señor Berdiel una copia de este emplazamiento y una copia de la demanda a que se refiere el dicho emplazamiento, cuya copia es fiel y exacta con el original. Ponce, P. R., junio 4, 1914. Juan Martínez Torres. Suscrito y jurado ante mí, hoy día cuatro de junio de 1914, Juan Martínez Torres, que es de las circunstancias personales consignadas en el juramento y a quien doy fe de conocer personalmente. Francisco G. Descartes, Notario Público."

Quedó, pues, demostrado que Torres tenía más de 18 años de edad si bien en la declaración no se expresó que éste no era parte en la acción.

Alega también el apelante que las declaraciones (*affidavits*) de haberse notificado el emplazamiento eran además defectuosas por no hacerse constar én ellas la fecha y lugar en que se verificó su entrega. Opinamos que en ambas declaraciones se cumplió con la ley en cuanto a este particular.

También sostiene el apelante que el servicio de la noti-

ficación fué incompleto por no aparecer el nombre del abogado del caso al dorso del emplazamiento.

El artículo 89 del Código de Enjuiciamiento Civil prescribe lo siguiente:

"Artículo 89.—La citación irá dirigida al demandado, firmada por el secretario y librada bajo el sello de la corte, y deberá contener:

"1. * * *.

"2. * * *.

"3. * * *.

"4. * * *.

"5. En las demás acciones, la prevención de que si no compareciere y contestare el demandado según se le ordena, el demandante solicitará de la corte le sea concedida la petición que hubiese hecho en la demanda. El nombre del abogado del demandante se hará constar al dorso de la citación."

Consideraremos la naturaleza de este requisito consignado en el párrafo 5°. En un antiguo caso de Indiana, el de *Hutchens* v. *Latimer,* 5 Ind., 67, mayo 23, 1854, fué revocada la sentencia por dos defectos capitales, uno de los cuales era el no haberse hecho constar el nombre del abogado al dorso del emplazamiento. En dicho caso la corte se expresó en los términos siguientes:

"En cuanto al hecho de que debe hacerse constar el nombre del abogado al dorso de la citación el estatuto es terminante al expresar que así se hará. R. S. 1843, página 624. El fin que se persigue es que puedan los demandados saber a quién deben considerar como tal abogado en asuntos de notificaciones o de pago. Cuando así se formula la objeción a la diligencia sin haber comparecencia por la que se prescinda de cualquier irregularidad, debe prevalecer dicha objeción."

Se verá, pues, que la Corte de Indiana dijo al revocar, que el objeto del estatuto era el de permitir al demandado saber con quién podía entenderse y no conocemos ninguna otra razón para dicho requisito. Creemos que es una práctica más sana la que se observa en algunas opiniones más recientes de otros Estados. En el caso de *Lee* v. *Clark,* 53 Minn., 315, se resolvió que una omisión de esta clase es una

mera irregularidad y si el emplazamiento era válido en sus
demás particulares el demandado tendría que comparecer y
pedir que se anulara el diligenciamiento. . El caso de *Millette*
v. *Mehmke,* 26 Minn., 306, citado por la corte de Minnesota
fué uno en.el que no se entregó la copia de la demanda con ˙
el emplazamiento y se resolvió asimismo que esta omisión      .
era una mera irregularidad, desechando la corte el riguroso
principio establecido en un caso anterior.   Los demás casos
citados por la referida corte tienden a sostener esta con-
clusión.   *Greveling* v. *Moore,* 39 ˙Mich., 563;  *Low* v. *Mills,*
61 Mich., 35, 27 N. W. Rep., 877;  *Mabbett* v. *Vick,* 53 Wis.,
158, 10 N. W. Rep., 84.  De igual modo en el caso de *Peo-*
*ple* v. *Wrin,* 143 Cal., 14, resolvió la corte que el nombre del
abogado no era parte del emplazamiento de tal modo que
pueda anularse una notificación hecha por publicación en que
se omita dicho nombre.

Esta corte declaró en el caso de *Andino* v. *Knight, supra,*
que debe hacerse constar en el *affidavit* la edad de la persona
que practica el emplazamiento.   No era suficiente la certi-
ficación del juez respecto al *affidavit* de Leonardo Pagán Soto.
El juez no tenía jurisdicción para certificar y no era respon-
sable porque se hiciera una relación falsa pues él no hizo
ningún.juramento.   Por tanto, debemos.llegar a la conclu-
sión de que no se ha demostrado que la corte adquirió juris-
dicción sobre Lugo.   Como en la demanda se pide la nulidad
de los procedimientos hipotecarios en los cuales ambas partes
intervinieron y como no existe prueba alguna de la juris-
.dicción de la corte sobre Lugo, la sentencia debe revocarse
en cuanto a los dos, sin perjuicio del derecho que pueda tener.
el apelado para corregir mediante enmienda o de otro modo
el defecto contenido en el *affidavit.*

> *Revocada la sentencia apelada, sin perjuicio*
> *del derecho que pueda· asistir al deman-*
> *dante.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.