LLORENS, PETITIONER AND APPELLEE, *v.* CASTILLO, MUNICIPAL
JUDGE, RESPONDENT (THE CRÉDITO Y AHORRO PONCEÑO,
INTERVENOR AND APPELLANT).

APPEAL from the District Court of Ponce in *Certiorari* Proceedings.

No. 1325.—Decided July 7, 1915.

SUMMONS—SERVICE OF SUMMONS—RETURN OF SERVICE—CONSTRUCTION OF LAW—
JUDICIAL AGENTS.—The word ''officer'' used in the English text of subdivision 2 of section 92 of the Code of Civil Procedure, as amended by Act
No. 70 of March 9, 1911, refers alike to a marshal and to a private person
who may serve a summons, therefore there is no contradiction between the
original and the English text of the said section. Both exercise public and
official functions by acting as agents for the administration of justice, notwithstanding that the manner of verifying the exercise of such functions is
different in that the marshal certifies thereto while the private person is
required to make oath. Thus there is no special reason why a copy of the
return should be endorsed on the summons when it is served by the marshal
and not so endorsed when it is served by a private person.

CONSTRUCTION OF LAW—INTENTION.—The most effectual and universal manner of
discovering the true meaning of a law when its language is doubtful is by
considering the reason and spirit thereof or the cause or motives which induced its enactment.

SUMMONS—SERVICE OF SUMMONS—OATH TO RETURN.—When service of summons
is made by a private person who cannot comply with the formality of the
oath at the time he serves the summons, it will be sufficient simply to endorse
on the summons a copy of the return as it appears on the original at the
time the summons is served and comply with the requirement of the affidavit
of service before returning the summons to the secretary by whom it was
issued.

ID.—DEFECTIVE SERVICE—RETURN.—The service of a summons is defective according to the second paragraph of section 92 of the Code of Civil Procedure,
as amended in 1911, when the return appearing on the original at the time
of service is not endorsed thereon, but said omission in the service is an
irregularity only and does not vitiate the service.

CERTIORARI—SUMMONS—IRREGULARITY IN SERVICE—NEGLIGENCE.—A writ of *certiorari* does not lie to quash the service of a summons for no other reason
than a mere irregularity which does not substantially prejudice the petitioner's rights, especially when he has been negligent in his own defense.

The facts are stated in the opinion.

*Mr. Antonio F. Castro* for the petitioner.

Mr. Tomás Castillo León, respondent, did not appear.

*Messrs. Llorens & Canales* and *José de Calazanz Rivera*
for the intervenor.

Mr. Chief Justice Hernández delivered the opinion of the court.

A complaint having been filed in the Municipal Court of Ponce by the *Crédito y Ahorro Ponceño* to recover the sum of $250, on November 28, 1914, the defendant was summoned in the city of Ponce and as he did not appear and answer the complaint, his default was entered on January 5, 1915, and on the same day judgment was entered against him for the amount sued for in the complaint. On January 21, 1915, a writ of execution was issued under the said judgment.

The sale of the defendant's property was announced for March 2, but was suspended on a stipulation of the parties approved by the municipal court on February 27 because, on the day before, the defendant filed a motion praying the court to quash the service of the summons and refuse jurisdiction over the defendant on the ground that a literal copy of the return, with its date as appearing on the original, was not endorsed by the person making the service on the copy of the summons delivered to the defendant.

The plaintiff opposed the motion to quash the service of the summons and after a hearing the municipal court overruled the motion on March 11, 1915.

Thereupon the defendant, Tiburcio Llorens Torres, applied to the District Court of Ponce on the 24th of the said month of March for a writ of *certiorari* directed to the judge of the municipal court of the said city for the purpose of correcting the material error of procedure committed by him in overruling the motion to quash the service of the summons in violation of section 92 of the Code of Civil Procedure, as amended by Act No. 70 of March 9, 1911.

The writ of *certiorari* having been issued and all the proceedings suspended, a hearing was had on March 29, 1915, and on April 9 the District Court of Ponce sustained the same and consequently set aside all the proceedings had before the Municipal Court of Ponce in the case of the *Crédito*

*y Ahorro Ponceño* against Tiburció Llorens Torres for the recovery of money due, from and including the service of the summons upon the defendant.

From that judgment counsel for the *Crédito y Ahorro Ponceño* appealed to this court and in support of the appeal assigned the following errors:

1. That the court erred in basing its decision upon the Spanish rather than upon the English text of Act No. 70 of March 9, 1911, amending section 92 of the Code of Civil Procedure.

2. That the court erred in holding that the service of the summons on defendant Tiburcio Llorens Torres was defective.

3. That the court also erred in holding that the alleged irregularity in the service of the summons deprived it of jurisdiction.

Let us consider the first two errors together.

The Spanish text of section 92 of the Code of Civil Procedure, as amended by Act No. 70 of March 9, 1911, reads as follows:

"*La citación puede hacerse por el márshal del distrito donde se encontrare el demandado, o por cualquier otra persona mayor de diez y ocho años que no fuere parte en la acción. La citación irá acompañada de una copia de la demanda, a menos que dos o más de los demandados residieren en el mismo distrito, en cuyo caso sólo será necesario entregar una copia de la demanda a uno de los demandados. Cuando el márshal hiciere la citación, la devolverá a la oficina del secretario que la expidió, bajo su certificación de haber sido cumplimentada y de haber hecho entrega de la copia de la demanda que se hubiese acompañado a la citación. Cuando se diligenciare por cualquier otra persona, se devolverá a la misma oficina, con la declaración jurada de dicha persona de que ha practicado la diligencia de citación y entregado la copia de la demanda, en caso de haberse acompañado.*

"*Al servirse la copia de la citación se hará constar en aquélla a su dorso y por quien la haga, una copia literal del diligenciamiento y fecha de éste consignado en el original.*"

The English text of the second paragraph of the said section reads as follows:

"Upon the copy of the summons being served it will be endorsed on the back by the officer serving it, with a literal copy of the service and its date as appearing on the original."

As will be seen, the Spanish text provides that the person making the service shall endorse on the back of the copy of the summons a literal copy of the return and its date as appearing on the original, whereas the English text provides that the officer serving the copy of the summons shall endorse thereon a literal copy of the return and its date as appearing on the original.

The plaintiff contends that, according to the English text, only the marshal is required to endorse a copy of the return on the summons and that the statute does not impose this obligation upon any other person making the service, while the defendant claims that the endorsement of a copy of the return is a duty imposed by law upon the marshal as well as upon any private individual who may make the service.

We are of the opinion that the word "officer" used in the English text refers alike to the marshal and to a private person who may serve the summons, for both exercise public and official functions by acting as agents for the administration of justice, notwithstanding the fact that the manner of verifying the exercise of such functions is different, for the marshal certifies thereto while the private individual is required to make oath. But any doubt as to the meaning of the English text is overcome by applying section 18 of the Civil Code to the effect that the most effectual and universal manner of discovering the true meaning of a law, when its expressions are dubious, is by considering the reason and spirit thereof, or the cause or motives which induced its enactment. There is no special reason why a copy of the return should be endorsed on the summons when it is served

by the marshal and not so endorsed when it is served by a private person.

We understand that the statutory requirement may be easily complied with when the marshal serves the summons for he can certify to its service, but this is not the case when the service is made by a private person who is not accompanied by an official before whom he can make the affidavit which is essential to the validity of the service of the summons. However, as the law should be complied with in so far as possible and not when impossible, we are of the opinion that in a case in which a private person cannot comply with the formality of the oath at the time he serves the summons, it will be sufficient simply to endorse on the summons a copy of the return as it appears on the original at the time the summons is served and comply with the requirement of the affidavit of service before returning the summons to the secretary by whom it was issued.

Therefore, as there is no real conflict between the original and the English text, it is not necessary to consider the first ground of appeal.

As to the second ground of appeal, we are of the opinion that the service of the summons was really defective because the private person serving it did not comply with the provision contained in the second paragraph of section 92 of the Code of Civil Procedure as amended. The summons was defective because the person who served it failed to endorse thereon at the time a copy of the return as it would appear on the original.

However, referring to the third ground of appeal, the said omission in the service is an irregularity only and does not vitiate the same.

The service of the summons was really made and the omission on the part of the person serving it could have been corrected as a matter of course at the solicitation of the defendant who did not have to delay action from the day on which the summons was served until the day on which he

filed the motion to quash the service, when the execution of the judgment entered against him in default was already being proceeded with.

The defendant has been negligent in the defense of his right. His action is too late and we do not consider it just to set aside in *certiorari* proceedings the proceedings against him in a trial before a municipal court for no other reason than a mere irregularity which did not substantially prejudice his rights.

Section 142 of the Code of Civil Procedure provides that in every state of an action the court must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect.

It cannot be held that every irregularity in the service of a summons vitiates it.

In our decision of May 17 last, in the case of *Serrano* v. *Berdiel et al.*, we said:

"In *Lee* v. *Clark*, 53 Minn., 315, it was held that a failure of the Minnesota court was a case where a copy of the complaint was otherwise effective, the defendant would have to come in and move to set aside the service. *Millete* v. *Mehnke*, 26 Minn., 306, cited by the Minnesota court was a case where a copy of the complaint was not served with the summons, and this omission was likewise held to be a mere irregularity and the court overruled the strict doctrine of an earlier case. Other cases cited by that court tend to support this conclusion. *Greveling* v. *Moore*, 39 Mich., 563; *Low* v. *Mills*, 61 Mich., 35 (27 N. W. Rep., 877); *Mabbett* v. *Vick*, 53 Wis., 158 (10 N. W. Rep., 84). Similarly, in *People* v. *Wrin*, 43 Cal., 14, the court held that the name of the attorney was not a part of the summons so as to defeat a service by publication omitting the name."

We are of the opinion that a defect so insignificant as that alleged in support of the motion to quash the service of summons on the defendant does not justify the setting aside of the proceedings in an action in which judgment has already been rendered and is pending execution.

The defendant could have moved for the opening of the default if he had grounds therefor and a good defense.

The judgment appealed from should be .

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.