LLORENS, PETICIONARIO Y APELADO, *v.* CASTILLO, JUEZ MUNICIPAL, DEMANDADO, Y CRÉDITO Y AHORRO PONCEÑO, INTERVENTOR Y APELANTE.

Apelación procedente de la Corte de Distrito de Ponce en un recurso sobre *certiorari*.

No. 1325.—Resuelto en julio 7, 1915.

EMPLAZAMIENTO—DILIGENCIAMIENTO POR PARTICULARES—ID. POR EL MÁRSHAL—TEXTO INGLÉS Y ESPAÑOL DEL ARTÍCULO 92 DEL CÓDIGO DE ENJUICIAMIENTO CIVIL—AGENTES JUDICIALES.—La palabra ''*officers*'' usada en el texto inglés del artículo 92, apartado 2°., del Código de Enjuiciamiento Civil, tal como quedó enmendado por la Ley No. 70 de marzo 9, 1911, se refiere tanto al márshal como al particular que haga el emplazamiento, por lo que no existe contradicción entre el texto original y el inglés de dicho artículo, ya que uno y otro ejercen funciones públicas oficiales, actuando como agentes de la administración de justicia, por más que sea distinta la forma de autenticar el ejercicio de tales funciones, pues el márshal certifica, mientras que el particular presta juramento. Así, no hay razón alguna especial para que la copia del diligenciamiento se inserte al dorso de la copia del emplazamiento únicamente cuando se hace por el márshal, y no cuando se hace por un particular.

INTERPRETACIÓN DE LEY—INTENCIÓN DEL LEGISLADOR—ARTÍCULO 18 DEL CÓDIGO CIVIL.—De acuerdo con el artículo 18 del Código Civil, el medio más eficaz y universal para descubrir el verdadero sentido de una ley cuando sus expresiones son dudosas es considerar la razón y el espíritu de ella o la causa o motivos que indujeron al poder legislativo a dictarla.

EMPLAZAMIENTO—CITACIÓN HECHA POR UN PARTICULAR—FORMALIDAD DEL JURA-
MENTO—COPIA DEL DILIGENCIAMIENTO.—Cuando el que hace el emplazamiento
es un particular y éste no puede llenar la formalidad del juramento en el
mismo acto de prestar el servicio, bastará simplemente con que dé una copia del
diligenciamiento como aparezca del original en el momento de verificarlo,
sin perjuicio de llenar la formalidad del juramento antes de devolver el
emplazamiento diligenciado al secretario que lo expidió.

ID.—DILIGENCIAMIENTO DEFECTUOSO—COPIA DEL DILIGENCIAMIENTO—NULIDAD.—
Es defectuoso el diligenciamiento de un emplazamiento cuando de acuerdo
con el apartado 2°. del artículo 92 del Código de Enjuiciamiento Civil, tal
como fué enmendado en 1911, se deja de incluir al dorso de la copia del
mismo una copia del diligenciamiento según existe en el original al llevarse
éste a efecto, pero esa omisión o falta constituye solamente una mera irre-
gularidad que no lo vicia de nulidad.

CERTIORARI—EMPLAZAMIENTO—IRREGULARIDAD EN EL ·SERVICIO DE UN EMPLAZA-
MIENTO—DERECHOS SUSTANCIALES—NEGLIGENCIA.—No es procedente un re-
curso de *certiorari* para anular el servicio de un emplazamiento, sin más
motivo que meras irregularidades que no perjudican sustancialmente los
derechos del solicitante, máxime cuando éste ha sido negligente en su defensa.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Antonio F. Castro.*

El demandado Sr. Tomás Castillo León, juez municipal,
no compareció.

Abogados del interventor: *Sres. Llorens & Canales* y *José
de Calazanz Rivera.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

Presentada demanda ante la Corte Municipal de Ponce
por la sociedad Crédito y Ahorro Ponceño en cobro de la
suma de $250, fué emplazado el demandado en la propia ciu-
dad de Ponce con fecha 28 de noviembre de 1914; y como
no compareciera a contestar la demanda, le fué anotada la
rebeldía en 5 de enero de 1915, en cuya fecha también quedó
registrada contra el mismo una sentencia por la cantidad
reclamada en la demanda, habiéndose expedido mandamiento
para su ejecución en 21 de enero citado.

La subasta de bienes del demandado fijada para el día
2 de marzo, hubo de suspenderse mediante estipulación de
las partes que aprobó la corte municipal en 27 de febrero,
por haber presentado el demandado una moción con fecha

del día anterior 26 de febrero, con súplica de que se declarara la nulidad de la diligencia de su emplazamiento, y resolviera la corte que no había adquirido jurisdicción sobre el mismo por el fundamento de que al dársele copia del emplazamiento no se había hecho constar en ella una copia literal del diligenciamiento y su fecha, según se consignaba en el original, por la persona que hiciera dicho diligenciamiento.

El demandante se opuso a la moción de nulidad, y celebrada la vista, la corte municipal dictó resolución en 11 de marzo de 1915 declarándola sin lugar.

El demandado Tiburcio Llorens Torres acudió entonces a la Corte de Distrito de Ponce con fecha 24 del propio marzo en solicitud de auto de *certiorari* contra el juez municipal de dicha ciudad, para que corrigiera el error sustancial de procedimiento en que había incurrido al declarar sin lugar la moción de nulidad de emplazamiento con infracción del artículo 92 del Código de Enjuiciamiento Civil según quedó enmendado por la Ley No. 70 de marzo 9, 1911.

Expedido el auto de *certiorari* con suspensión de todo procedimiento en el caso, y visto el recurso en 29 de marzo de 1915, la Corte de Distrito de Ponce lo resolvió por sentencia de 9 de abril, declarándolo con lugar y anulando en su consecuencia todos los procedimientos seguidos ante la Corte Municipal de Ponce en el caso del Crédito y Ahorro Ponceño contra Tiburcio Llorens Torres sobre cobro de dinero, a partir del servicio de emplazamiento hecho al demandado.

Contra esa sentencia ha interpuesto la representación del Crédito y Ahorro Ponceño recurso de apelación para ante esta Corte Suprema, y para sostener el recurso, alega como errores los siguientes:

*Primero.* Que la corte cometió error al aplicar a la resolución del caso el texto español y no el inglés de la Ley No. 70 de 9 de marzo, 1911, enmendatoria del artículo 92 del Código de Enjuiciamiento Civil.

*Segundo.* Que la corte incurrió en error al estimar defectuoso el diligenciamiento del emplazamiento hecho al demandado Tiburcio Llorens Torres.

*Tercero.* Que la corte también incurrió en error al estimar que constituye falta de jurisdicción la irregularidad alegada en el diligenciamiento del emplazamiento.

Examinemos conjuntamente los dos primeros errores alegados.

El texto español del artículo 92 del Código de Enjuiciamiento Civil, tal como quedó enmendado por la Ley No. 70 de marzo 9, 1911, dice así:

"Artículo 92.—La citación puede hacerse por el márshal del distrito donde se encontrare el demandado, o por cualquier otra persona mayor de diez y ocho años que no fuere parte en la acción. La citación irá acompañada de una copia de la demanda, a menos que dos o más de los demandados residieren en el mismo distrito, en cuyo caso sólo será necesario entregar una copia de la demanda a uno de los demandados. Cuando el márshal hiciere la citación, la devolverá a la oficina del secretario que la expidió, bajo su certificación de haber sido cumplimentada y de haber hecho entrega de la copia de la demanda que se hubiese acompañado a la citación. Cuando se diligenciare por cualquier otra persona, se devolverá a la misma oficina, con la declaración jurada de dicha persona de que ha practicado la diligencia de citación y entregado la copia de la demanda, en caso de haberse acompañado.

"Al servirse la copia de la citación se hará constar en aquélla a su dorso y por quien la haga, una copia literal del diligenciamiento y fecha de éste consignado en el original."

El texto inglés del segundo apartado del artículo transcrito, está concebido en los siguientes términos:

"*Upon the copy of the summons being served it will be endorsed on the back by the officer serving it, with a literal copy of the service and its date as appearing on the original.*"

Como se ve, el texto español dispone que se pondrá al dorso de la copia del emplazamiento por la persona que lo haga una copia literal del diligenciamiento y su fecha según aparezcan en el original, mientras que el texto inglés dice

que se pondrá al dorso ·de la copia del emplazamiento por el funcionario u oficial que lo haga una copia literal del diligenciamiento y su fecha según aparezcan en el original.

Se sostiene por la parte demandante que, de acuerdo con el texto inglés sólo el márshal está obligado a dar copia del diligenciamiento, no imponiendo la ley tal obligación a otra persona que lo haga, mientras que el demandado sostiene que la entrega de copia del diligenciamiento es un deber impuesto por la ley tanto al márshal como al particular que haga el diligenciamiento.

· Opinamos que la palabra *"officer"* usada en el texto inglés se refiere tanto al márshal como al particular que haga el emplazamiento, pues uno y otro ejercen funciones públicas oficiales, actuando como agentes de la administración de justicia, por más que sea distinta la forma de autenticar el ejercicio de tales funciones, pues el márshal certifica,. mientras que el particular presta juramento; pero si alguna duda, pudiera ofrecer el texto inglés, esa duda se desvanece mediante aplicación del artículo 18 del Código Civil, preceptivo de que el modo más eficaz y universal para descubrir el verdadero sentido de una ley cuando sus expresiones son dudosas es considerar la razón y espíritu de ella o la causa o motivos que indujeron al poder legislativo a dictarla. No hay razón alguna especial para que la copia del diligenciamiento de emplazamiento se inserte al dorso de la orden de emplazamiento cuando éste se hace por el márshal y no cuando se hace por un particular.

Comprendemos que el precepto de la ley puede cumplirse fácilmente cuando el márshal es el que diligencia el emplazamiento, pues él puede certificar, lo que no sucede si el emplazamiento se verifica por un particular, el cual no tendrá a su lado o en su compañía funcionario ante quien pueda prestar el juramento que integra el diligenciamiento de emplazamiento; pero como la ley debe cumplirse en cuanto sea posible y no en lo imposible, entendemos que en un caso en que el particular no pueda llenar la formalidad del jura-

mento en el acto mismo de prestar el servicio del emplazamiento, bastará simplemente una copia del cumplimiento del servicio como aparezca del original en el momento mismo de verificar el emplazamiento, sin perjuicio de llenar la fórmula del juramento antes de devolver el diligenciamiento del emplazamiento al secretario que lo expidió.

No habiendo, pues, contradicción verdadera entre el texto original y el inglés, huelga discutir el primer motivo del recurso.

En cuanto al segundo, opinamos que verdaderamente el diligenciamiento del emplazamiento fué defectuoso por no haber cumplido el particular que lo diligenció con el precepto contenido en el segundo apartado del artículo 92 del Código de Enjuiciamiento Civil, tal como ha sido enmendado. El emplazamiento fué defectuoso, pues el particular que lo diligenció dejó de incluir en él la copia de su diligenciamiento tal como existiera en el original al llevarse a efecto esa diligencia.

Sin embargo, y nos referimos al tercer motivo del recurso, la omisión o falta de que adolece el diligenciamiento constituye solamente una irregularidad que no lo vicia de nulidad.

El hecho del emplazamiento tuvo realmente lugar y la omisión en que incurrió el que lo practicó, pudo subsanarse solicitando el demandado que se subsanara, desde luego, sin esperar para solicitar la nulidad del emplazamiento, desde la fecha en que éste se hizo hasta el día en que presentó la moción pidiendo la nulidad, cuando ya se estaba procediendo a la ejecución de la sentencia pronunciada en su rebeldía.

El demandado ha sido negligente en la defensa de su derecho. Su acción ha sido tardía y no nos parece justo en un recurso de *certiorari* anular los procedimientos seguidos contra él en juicio ante una corte municipal, sin más motivo que una mera irregularidad que no perjudicó sustancialmente sus derechos.

El artículo 142 del Código de Enjuiciamiento Civil previene que en cualquier estado del pleito la corte no tomará

en cuenta algún error o defecto en las alegaciones o en los procedimientos que no afecte los derechos esenciales de las partes, y ninguna sentencia será revocada o afectada por razón de tal error o defecto.

No puede afirmarse que cualquier irregularidad en el diligenciado de un emplazamiento lo vicie de nulidad.

Al resolver en 17 de mayo último el caso de *Serrano Jiménez* v. *Berdiel y Corbera et al.*, dijimos:

"* * * En el caso de *Lee* v. *Clark*, 53 Minn., 315, se resolvió que una omisión de esta clase (la del nombre del abogado) es una mera irregularidad y si el emplazamiento era válido en sus demás particulares el demandado tendría que comparecer y pedir que se anulara el diligenciamiento. El caso de *Millette* v. *Mehmke*, 26 Minn., 306, citado por la corte de Minnesota fué uno en el que no se entregó la copia de la demanda con el emplazamiento y se resolvió asimismo que esta omisión era una mera irregularidad, desechando la corte el riguroso principio establecido en un caso anterior. Los demás casos citados por la referida corte tienden a sostener esta conclusión. *Greveling* v. *Moore*, 39 Mich., 563; *Low* v. *Mills*, 61 Mich., 35, 27 N. W. Rep., 877; *Macbett* v. *Vick*, 53 Wis., 158, 10 N. W. Rep., 84. De igual modo en el caso del *People* v. *Wrin*, 143 Cal., 14, resolvió la corte que el nombre del abogado no era parte del emplazamiento de tal modo que pueda anularse una notificación hecha por publicación en que se omita dicho nombre."

Opinamos que por un defecto tan nimio como el que se ha alegado en apoyo de la nulidad del emplazamiento del demandado no procede declarar la nulidad de un juicio ya terminado por sentencia pendiente de ejecución.

El demandado ha podido solicitar la apertura de rebeldía si le asistían razones para ello, y tenía buena causa de defensa.

Es de revocarse la sentencia apelada.

> *Revocada la resolución apelada y anulado el mandamiento de* certiorari *expedido por la corte inferior.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.