EDWARD H. HAWKE AND WIFE, ET. AL., Plaintiffs in Error, *vs.* WILLIAM L. BANNING AND WILLIAM BUCKNELL, Defendants in Error.

An averment in a complaint that one of the Plaintiffs holds a piece of property in his own name, but for the "joint use and benefit" of himself and another, is such an allegation of interest, or property in such other, in the article held, as to make him a necessary party Plaintiff in an action to recover the same. It is unnecessary to aver the particular extent or nature of such interest; but the Plaintiff may be compelled, on motion, to make the allegation more specific and certain.

The rule adopted by this Court, in *Babcock and Hollinshead vs. Sanborn & French,* (decided at this term,) not to review a question of damages which has been allowed to go by default in the Court below, until that Court has been called upon to act in reference to it, applies as well to decrees signed by the Judge, as to judgments entered by the Clerk. In all cases the Court must actually pass upon the error complained of, except it be of such a character that the record will not support the judgment or decree.

Emmett, Ch. J., dissents to the refusal to review the question of damages.

This was a Writ of Error to the District Court of Ramsey County.

The opinion states the facts.

The following are the points and authorities relied upon by the counsel for Plaintiff in Error:

*First.*—By the Organic Act, it is declared that a Writ of Error may issue on all *final decisions* of the District Court, under such regulations as the Legislature may provide. *Organic Act, Sec.* 9.

The *Rev. St.* provides that the Supreme Court may issue Writs of Error, &c., to all Courts of inferior jurisdiction. *R. S. p.* 285–6, *sec.* 4, 5; and also, that Writs of Error may issue of course, out of the Supreme Court. *Rev. St. p.* 416, *sec.* 22.

By the *Laws of* 1853, *p.* 19–21, *the Court of Chancery* and *the right to institute proceedings in chancery,* are abolished. *See Sec.* 14.

And all suits which were before commenced in chancery, and the *foreclosure of mortgages* are to be commenced as *civil actions,* and in that form conducted to *judgment. Sec.* 1, 2.

The other sections provide for the minor details of conforming and blending the law and equity systems.

*Second.*—If at *common law* a Writ of Error could only be brought on a judgment of a Court of Record *acting according to the course of the common law*, it does not follow but that error lies in the case at bar; for if it could be brought only on judgments obtained in Courts *proceeding according to the course of the common law*, it would not lie in any judgment in this State, for no Court proceeds here according to the course of the common law.

*Third.*—"The reason of the law ceasing, the law itself ceases," is the maxim.

The reason why a Writ of Error would not, at *common law*, lie on a decree in chancery, is simply because Courts of Law and a Court of Chancery were Courts of co-ordinate jurisdiction, and acted by entirely different *forms of proceedings.* So they had *different modes* for the correction of errors in their judgments or decrees.

But where there is no distinction as to the jurisdiction or proceedings, and the determination is expressly declared to be a judgment, certainly no distinction as to the mode of reviewing for error can exist, for there is no reason for the distinction.

The following are the points and authorities relied upon by the counsel for Defendant in Error :

The Writ is misconceived.

This was an equity proceeding, being foreclosure of a mortgage. *R. S.* 468.

The revision of a first order or decree in chancery, in the Supreme Court, is by appeal, provided by statute, and the Supreme Court upon such appeal *modifies* or reverses the decree. *Page* 471, *Sec.* 74, 77.

The amendatory act of March 5, 1853, did not repeal the chancery jurisdiction of the Court, but merely changed the practice and form of proceeding. It did not change the nature of the judgment or decree, nor even its form. *Sec.* 2, *Laws of* 1853, *p.* 20.

Trial of facts is now made before a referee, in place of a master or examiner. *Sec.* 10, 21.

The old remedy by appeal is still preserved. *Sec.* 12, *p.* 21.

Hawke and Wife, et. al. *v.* Banning and Bucknell.

The act evidently did not intend to abolish the distinction between an equitable action and suit at law, but merely abolished the forms and practice in pleading.

The proceeding by equity, is still not in accordance with the course of the common law. The causes of action are distinct; the remedies are still peculiar, as injunction, specific performance, discovery, &c.

The judgment is different, and is still in the form of a decree. The trial is still different, as it may be had by a referee, as before by a master.

The distinction in foreclosure is rigidly preserved, as the complaint must show that no proceeding at law has been commenced for the recovery of the debt. *Page* 469, *&c.*

The equity jurisdiction is still *special,* and not according to the course of the common law, and is so recognized in the Organic Act. *Page* 25. So in the Constitution of the State. *Art.* 6, *Sec.* 5.

At common law, a Writ of Error only lay from the judgment of a Court of Record, proceeding according to the course of the common law. 3 *Bacon's, H. C., title A. error, Am. Ed.* 1844, 329. Therefore not from the Court of Chancery. *Ibid.*

Nor from a special jurisdiction, but in accordance with the common law. *Lewis vs. Wallick,* 3d *S. & R.* 410 ; *Miller vs. Miller,* 3 *Buin.* 30 ; *Baker vs. Williamson,* 2 *Barr.* 116 ; *Baxter vs. Columbia Township,* 16 *Ohio,* 56 ; *Savage Manf. Co. vs. Owings,* 3 *Gill.* 497 ; *Commonwealth vs. Ellis,* 11 *Mass.* 462 ; *Cook petitioner,* 15 *Pick.* 234 ; *Evans vs. Adams,* 3 *Green,* 373.

By the *R. S.,* the cases are not specified wherein this Writ of Error lies, and it is therefore left as at common law. *R. S.* 416, *Chap.* 81, *Sec.* 22.

The Statute still confines jury trials to the ordinary law cases. *R. S. p.* 352.

D. C. COOLEY, Counsel for Plaintiffs in Error.

H. J. HORN, Counsel for Defendants in Error.

*By the Court*—FLANDRAU, J. This action was brought to foreclose a mortgage. The complaint shows that the Defend-

ant, Hawke, executed and delivered to the Plaintiff, Banning, a bond and mortgage on the Winslow House, in St. Paul, to secure the payment of fifteen thousand dollars; then alleges default in the payment, and contains the following allegation, to show the interest of the Plaintiff, Bucknell, to wit: "And the said William L. Banning holds the said mortgage and obligation in his name for the joint use and benefit of the said Plaintiffs." Judgment was allowed to go against the Defendants by default, and the damages were assessed in pursuance of the stipulations in the bond, at the principal sum, with interest at the increased rate of five per cent. per month after default. The Defendants bring a Writ of Error, alleging as error, that the allegation in the complaint intended to connect the Plaintiff Bucknell, with Banning, as a party in interest, is insufficient, and that the allowance of the increased rate of interest after maturity and default of payment, was erroneous.

The allegation of joint ownership is not very artistic, or full, yet it is quite clear that the pleader intended to say, that although the bond and mortgage are given to Banning in his name, yet they are the joint property of the two Plaintiffs. To say that one holds a piece of property in his own name, but for the "joint use and benefit" of himself and another, is such an allegation of interest or property in such other, in the article held, as to make him a necessary party Plaintiff in an action to recover the same. What the particular extent or nature of the interest is does not appear, but that can be of no moment to the Defendants, so that the action is prosecuted in the name of all the parties who are interested; that he has a right to insist upon, but how the recovery shall be shared among themselves is more their affair than his. Perhaps if he had appeared and insisted upon it, the Plaintiff would have been compelled on motion, to have made the allegation more specific and certain, but after suffering a default and allowing judgment to pass against him, and especially when the error complained of could in no way change the amount of the recovery, we are disinclined to stretch a point to reverse a judgment in all other respects regular.

The question of the error in assessing the damages at the in-

creased rate of interest stipulated in the bond, does not differ in principle from those cases in which we have refused to review such an assessment when made by the Clerk on a default. The Judge has, it is true, signed the decree by which this excessive interest is awarded, but the record does not show any fact beyond those usually attending a default. There is a statement of the amount of principal and interest evidently drawn by the Plaintiffs' counsel, as it is part of his bill of costs, or statement for judgment, to which the amount awarded by the decree exactly corresponds. The usual practice is for the Attorney to prepare his papers, and in such cases where the amount of damages depends upon computation only, the Judge signs without examination. Of course the party who takes an order or decree under such circumstances does so at his peril, and must see to it that he does not include anything that he is not strictly entitled to, and not depend upon the mere signature of the Judge to relieve himself from any responsibility. We do not think that in such cases the mere formal name of the Judge being appended to the decree makes it any more his *actual decision* than if the same duty had been performed by the Clerk, had he possessed the power. In both cases it is constructively the act of the Court, as all judgments are in the first instance " entered upon the direction of a single Judge." *Statutes, New Ed. p.* 566, *Sec.* 71. But for the purpose of review directly by this Court, when the Judge had not *actually* passed upon the point, the error must be of such character that the record will not support a judgment at all, or in other words would not be aided by verdict, as was the case in *Karns vs. Kunkle,* decided by this Court. The principle decided in the case of *Babcock and Hollinshead vs. Sanborn & French,* is, that this Court will not review a question of damages which has been allowed to go by default in the Court below, until that Court has been called upon to act in reference to it. We do not think that this case differs in principle from that. The District Court has ample power on motion, to correct such errors, and resort must be had to that Court in the first instance. The decision upon such an application may or may not then be the subject of review according to the circumstances of each case.

The judgment is affirmed, and the case remanded to the District Court.

Chief Justice EMMETT dissents from so much of the decision as refuses to review the question of damages.