## SMITH v. WATSON.

1. **Pleading:** INFORMAL PETITION. A petition sufficient in all other respects was addressed " To the judge of the District Court " of the county in which the suit was commenced, and failed to state, in a heading thereto, the names of the parties, plaintiff and defendant, or the word " petition:" *Held*, that these defects were merely formal, and constituted no cause for dismissing the action.

2. **Default:** PRACTICE. The action of the District Court, in entering a default for failure to answer after appearance made, will not be disturbed where no affidavit of merits is filed, although an affidavit of defendant's attorney is filed, to the effect that he supposed the court had granted him sixty days from the date of his application, in which to answer, on which he relied, whereas the docket entry was for sixty days from the date of completed service.

3. **Pleading:** CLAIM FOR INTEREST. The petition in an action on promissory note drawing interest, set forth in full a copy of the note, and alleged " that said amount specified in said note is wholly due

Smith v. Watson.

and unpaid," and asked "judgment for the amount due by said note." *Held*, that it was not erroneous to include in the amount of recovery the interest accrued on the note at the date of the rendition of the judgment.

## *Appeal from Polk District Court.*

### THURSDAY, OCTOBER 21.

REQUISITES OF PETITION: SETTING ASIDE DEFAULT. — Action to foreclose a mortgage. Judgment by default. Defendant appeals.

*Geo. J. North* for the appellant.

*B. N. Kinyon* for the appellee.

DILLON, Ch. J. — I. A petition to foreclose a mortgage contained in the body thereof the essential allegations describing the parties, setting forth the facts constituting the cause of action, the relief sought, etc., but was addressed as follows : " To the judge of the District Court of Polk county, Iowa," and failed to name the parties, plaintiffs and defendants, at the head thereof; nor was it headed with the word " petition " or the words " petition in equity." *Held*, that these defects were merely formal, and that the court did not err in refusing, on account thereof, *to dismiss the action* on the motion of the defendant.

1. PLEADING: informal petition.

II. Where the defendant is personally served in time and enters an appearance, but fails to answer, and a default is taken, *held*, that this court will not decide it to have been erroneous in the District Court to refuse to set aside the default, unless an affidavit of merits should be filed, although an affidavit of the defendant's attorney is made, to the effect that he supposed the court had granted him sixty days from the date of the application in which to answer, on which he relied,

2. DEFAULT: practice.

whereas the entry made was for sixty days from the date of completed service.

III. A petition set forth in full a copy of a promissory note drawing interest, and alleged " that said amount 3. PLEADING: specified in said note is wholly due and un-
claim for inter-
est.    paid," and asked "judgment for the amount due by the said note." *Held*, that it was not erroneous to include in the amount of the judgment the interest due on the note up to the date the judgment was rendered.

Affirmed.