## MARY R. MILLETTE *vs.* CARL MEHMKE.

### December 11, 1879.

**Summons duly served, without Service or Filing of Complaint.**—Where a summons is regular on its face, and is served in the manner provided by statute, the court thereby acquires jurisdiction of the cause. That the complaint is not filed, or a copy served with the summons as stated in the summons, is only an irregularity, which the defendant waives unless he moves to set aside the service. Overruling *Tuller* v. *Caldwell*, 3 Minn. 67, (117.)

**Complaint—Statute of Limitations.**—A complaint which shows the cause of action to be barred by the statute of limitations, does not state facts sufficient to constitute a cause of action.

Appeal by defendant from a judgment on failure to answer, entered against him in the district court for Ramsey county.

*G. Siegenthaler*, for appellant.

*R. B. Galusha*, for respondent.

GILFILLAN, C. J. The summons was served with a copy of the complaint, but instead of referring to such copy as that which defendant was required to answer, the summons required him to answer the complaint "which has been filed in the office of the clerk," etc. No complaint was filed.

Within the decision in *Tuller* v. *Caldwell*, 3 Minn. 67, (117,) the court acquired no jurisdiction by such service. But we think that decision goes too far, and the correct rule to be that if the summons is regular on its face, and is served in the manner provided by statute, the court thereby acquires jurisdiction; and that if the complaint be not filed, nor a copy served, as stated in the summons, it is only an irregu-

larity, the defendant's remedy for which is by motion in the court below to set aside the service. If he fails to make such motion, he waives his objection to the irregularity.

The judgment which was entered on default must, however, be reversed, on the ground that the complaint does not state facts sufficient to constitute a cause of action, because it appears that the right of action on the judgment sued upon was barred by the statute of limitations before the action was commenced. *Kennedy.* v. *Williams,* 11 Minn. 219 (314;) *McArdle* v. *McArdle,* 12 Minn. 98.

Judgment reversed.