(Opinion published 57 N. W. Rep. 142.)

---

HORATIO HOULTON *vs.* JOSEPH GALLOW.

Submitted on briefs Nov. 21, 1893.    Affirmed Dec. 7, 1893.

No. 8567.

**Motion to set aside the service is not a waiver of defect in the service.**

By appearing and moving to set aside the service of a summons on the ground that the complaint was not filed, and no copy of it served with the summons, a party does not waive the irregularity in the service, although he does not expressly state that his appearance is special, and limited to the purposes of the motion.

**Service of summons set aside.**

*Held,* also, that in this case there was no error in setting aside the service of the summons.

Appeal by plaintiff, Horatio Holton, from an order of the District Court of Wright County, *Seagrave Smith,* J., made May 8, 1893, setting aside the service of the summons in the action.

By his complaint the plaintiff claimed that he was an explorer of lands in Northern Wisconsin and at the request of defendant, Joseph Gallow, imparted to him much valuable information regarding pine timber on the land belonging to the United States. That defendant was thereby enabled to and did select, settle upon and purchase a quarter section of the public lands having much valuable pine timber upon it.    That defendant promised to pay plaintiff for his said services and information what they were reasonably

worth.    That they were worth $1,000 for which sum he demanded
judgment.

The summons was served upon defendant personally on April
24, 1893, at Minneapolis.    No copy of the complaint was served.
The original complaint was prepared and verified at Duluth on
April 25, and mailed to the Clerk of the Court at Buffalo, the County
Seat, where it was received and filed on April 26.    Defendant
moved the Court on notice and affidavits to have the service set
aside and the action dismissed on the ground that no complaint
was on file when the summons was served.    The Court granted
the motion and plaintiff appeals.

*Spencer & Alford,* for appellant.

Plaintiff admits that the failure to file the complaint was an
irregularity, but defendant waived it by his motion, which was in
effect a general appearance in the action.    *Yale* v. *Edgerton,* 11
Minn. 271; *Tyrrell* v. *Jones,* 18 Minn. 312; *Curtis* v. *Jackson,* 23
Minn. 268; *Covert* v. *Clark,* 23 Minn. 539; *Kanne* v. *Minneapolis &
St. L. Ry. Co.,* 33 Minn. 419.

*Robb & Slack,* for respondent.

Defendant did not by his motion make a general appearance and
thereby waive all irregularities.    This is the issue on this appeal.
Defendant accepts as the rule of *St. Louis Car Co.* v. *Stillwater
Street Ry. Co.,* 53 Minn. 129, that an appearance for any other pur-
pose than to question the jurisdiction of the Court, is general.    But
the appearance in this action was for the purpose of questioning the
jurisdiction and was not general.    *Millette* v. *Mehmke,* 26 Minn. 306.

MITCHELL, J.    The summons in this action was regular upon its
face, and was served in the manner provided by statute.    It stated
that the complaint was filed, but in fact it had not been, and no
copy was served with the summons.    On this ground the defend-
ant made a motion to have the service of the summons set aside,
and the action dismissed.    The motion was confined to this specific
purpose, but the attorneys signed the notice of motion as "attorneys
for defendant," without expressly limiting their appearance to
that purpose.    This the plaintiff, in the original brief, claimed

amounted to a general appearance, which waived all defects in the service of the summons. Had the defect complained of gone to the jurisdiction of the court over the person of the defendant, there might possibly have been something in the point, although it will appear from the general tenor of our decisions on the subject that, in determining whether an appearance was general or special, we have looked to the purposes for which it was made, rather than to what the party had labeled it. But it is settled by *Millette* v. *Mehmke*, 26 Minn. 306, (3 N. W. 700,) that the court acquired jurisdiction by the service of the summons, and that the failure to file or serve the complaint was a mere irregularity, the remedy for which was by motion to set aside the service; and it was never held that an appearance by making a motion for the sole purpose of taking advantage of an irregularity amounted to a waiver of it. So far from being a waiver of the irregularity, it is just the reverse of it. In a supplemental brief, counsel seem to admit this, and to abandon their original ground, but claim that the court did not, under the circumstances, exercise a proper discretion in setting aside the service of summons. The only showing made by plaintiff in opposition to the motion was an affidavit by one of his counsel that, at the time he issued the summons, he was informed and believed that defendant was about to leave the state before he could prepare and file a written complaint, and that defendant would be absent from the state a long time, and that he (counsel) afterwards prepared a complaint, without unnecessary delay, which was filed on the second day after the service of the summons.

Assuming that a showing might be made which would require the court to refuse to set aside the service of the summons notwithstanding the irregularity, yet this affidavit failed to make out any such case. For aught that appeared on the hearing of the motion, the defendant might still have been within the state, so that new service might have been made on him.

Order affirmed.

(Opinion published 57 N. W. Rep. 141.)