THE STATE *ex rel.* HOPKINS, *Collector*, v. THE BROWN TOBACCO COMPANY, *Appellant*.

Division Two, June 22, 1897.

1. **Taxation**: MANUFACTURER'S STOCK. An assessment for taxation of the stock and notes of a manufacturing company as ordinary personal property, is not void, but a mere irregularity, which may be corrected by an appeal as provided by statute, and if the assessed company does not appeal it can not complain so long as its property is clearly taxable under any statute.

2. ———: REMOVAL OF TAXED PERSON. Where the defendant was a resident of Montgomery county in 1893, was assessed there in November, 1893, and moved to St. Louis in December, 1893, it was properly taxed in Montgomery county for 1894, notwithstanding it may have paid a manufacturer's tax regularly in St. Louis during 1894.

3. ———: EVIDENCE. A tax bill is proper evidence in a suit for taxes.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

*Orr, Christie, Bates & Bruce* for appellant.

(1) The testimony of Lee English, identifying the property, the value of which was given in the assessment return, was competent. It is always competent to identify property. Best's Principles of Evidence (Chamberlain), p. 231, note 2; *State ex rel. Ziegenhein v. Railroad,* 117 Mo. 1–9. Besides, it is plain that the testimony was both relevant and material, for it showed that the assessment was void and that the property alleged to have been taxed was not liable to the tax. (2) Defendant is a manufacturer. R. S. 1889, sec. 6822. Manufacturers shall be licensed and taxed on all raw material, finished products, and tools, machinery and appliances, as is provided by law for taxing and licensing merchants, and no other or greater amount of tax of any kind shall be assessed, levied, or collected on said property. R. S. 1889, sec. 6821; R. S., sec. 7531; Laws of 1893, p. 216, 217. The basis of the tax is the sworn statement made by the merchant (manufacturer) stating the greatest amount of goods in his hands between the first Monday in March and the first Monday in June in each year, which statement shall be filed with the county clerk, who shall make out a "merchant's tax book" by way of an abstract from the merchant's (manufacturer's) statements in which he shall also state the amount of each kind of tax levied thereon and deliver a copy of said book to the collector, together. with blank licenses. R. S. 1889, secs. 6899–6902. The collection of this tax is enforced by suit instituted by the collector on the bond given by the merchant upon the issue to him of a license. R. S. 1889, secs. 6895, 6897, 6904–6908, 6916. (3) The leg-

islature has seen fit to provide a different mode for the assessment and collection of taxes upon raw material, manufactured product, tools, machinery and appliances of a manufacturer from that of other corporations and individuals, and the mode thus indicated must be substantially pursued in order to collect them. *State ex rel. v. Davis*, 131 Mo. 457; *State ex rel. v. Railroad*, 116 Mo. 15. A tax bill in such case is not evidence, *prima facie* or otherwise, the statute not so providing. *State ex rel. v. Davis*, 131 Mo. 457. (4) No levy of the tax sued for was shown. *State ex rel. v. Scott*, 96 Mo. 72; *State ex rel. v. Hutchinson*, 116 Mo. 399. The assessment is the basis of the tax. If the assessment is void, the tax is void. *State ex rel. v. Railroad*, 114 Mo. 11. The assessment by the assessor of property not authorized by law to be assessed by him, is void. *State ex rel. v. Spencer*, 114 Mo. 574; *State ex rel. v. Railroad*, 114 Mo. 11. The assessment of property not subject to the tax authorized by law to be levied on the basis of the assessment, is void. *Railroad v. Apperson*, 97 Mo. 309; *State ex rel. v. Railroad*, 97 Mo. 296; *State ex rel. v. Railroad*, 116 Mo. 15. (5) The accounts, notes and acceptances taken on the sale of manufactured product made during the year for which a license tax is by statute directed to be paid on said product are not liable to assessment or tax for that year. Such would be double taxation. *State ex rel. v. Railroad*, 114 Mo. 11.

*B. Schnurmacher* and *R. Shackelford* for respondent.

(1.) The merchant's or manufacturer's license tax is a personal property tax and not a mere occupation tax. *State ex rel. v. Tracy*, 94 Mo. 217. (2) The defendant corporation being a resident of Montgomery county on June 1, 1893, its personal property was properly taxable there for the succeeding year,

notwithstanding that it may have removed to the city of St. Louis in the fall of 1893. *DeArman v. Williams*, 93 Mo. 158. (3) It can not avail the defendant any to claim that it removed from Montgomery county to the city of St. Louis in November, 1893, and that it paid a license tax in St. Louis for the year 1894. Its taxes were properly due and payable in Montgomery county for that year, and it could not have been compelled to pay that tax in the city to which it removed. The property was taxable, and was taxed in the particular way at the instance of the defendant itself, and had been so taxed, according to the evidence of defendant, for the eleven years during which it had its place of residence in Montgomery county. (4) Defendant can not avoid payment of its obligation by complaining of this irregularity. *St. Louis Bldg. and Sav. Ass'n v. Lightner*, 47 Mo. 393. (5) Finally, we submit that the acts of the assessor are judicial, or *quasi* judicial in their character, and that the courts will not resolve themselves into boards of appeal to correct their errors or irregularities. Other means for the correction of these errors are provided by law. *Ins. Co. v. Charles*, 47 Mo. 462; *State ex rel. v. St. Louis Court*, 47 Mo. 594; *Railroad v. Maguire*, 49 Mo. 482; *Potosi v. Casey*, 27 Mo. 372; *Glasgow v. Rowse*, 43 Mo. 479; *State to use v. Dulle*, 48 Mo. 282; *Walden v. Dudley*, 49 Mo. 419.

BURGESS, J.—This is an action by Hopkins, collector of Montgomery county, against the Brown Tobacco Company to collect delinquent taxes on personal property for the year 1894. Prior to November, 1893, the Brown Tobacco Company was engaged in the manufacture of tobacco at said county, but in November, 1893, it moved its business to the city of St. Louis. In the fall of 1893, the assessor of Montgomery county presented to the defendant an assessment blank which

was filled out by the assessor and sworn to by Lee English, its secretary and treasurer, which assessment return was put in evidence by the plaintiff in this case, and shows the valuation of money on hand and in bank, solvent notes unsecured and secured, owned June 1, 1893, to be $35,000, and other property in the tenth class called in the return "stock on hand, etc.," of the value of $32,000.

Subject to plaintiff's objection on the ground of incompetency, the defendant's witness, Lee English, secretary and treasurer of defendant, testified that the personal property owned by defendant in 1893 was raw material in the process of manufacture and finished product of such manufacture, tools, machinery, and appliances used in said manufacture, valued in the assessment return at $32,000; book accounts, notes, acceptances, and money taken in exchange for manufactured goods sold, valued in the assessment return at $35,000; none of the credits were secured, and most, though not all, were for goods sold during the year 1893. Upon the assessment return made by the defendant, the tax bill sued on and read in evidence was made out for the year 1894.

After the company moved to St. Louis it took out four manufacturers' licenses covering all or the greater part of the year 1894, which were read in evidence over the objection of plaintiff but were thereafter excluded by the court. It was upon this ground mainly that defendant refused to pay the taxes in question. The case was tried by the court, a jury being waived. No instructions were asked or given. The court found against defendant, and rendered judgment in favor of plaintiff for $1,433.69, from which defendant appeals.

Defendant company insists that it is a manufacturer and that it should have been licensed and taxed on all raw material, finished products, and tools, machin-

ery, and appliances, as is provided by section 6821, Revised Statutes 1889, and page 217, Laws of 1893, for taxing and licensing merchants, and that as the defendant was not thus assessed that the assessment is void and also the tax.

The assessment was not, we think, void because the property was assessed as ordinary personal property, even though defendant may have been at the time a manufacturer. At most it was only an irregularity which might have been corrected by an appeal from the assessment as provided by section 7572, Revised Statutes 1889, which provides that: "Every person who thinks himself aggrieved by the assessment of his property may appeal, and every appeal shall be in writing, and verified by affidavit, and shall state specially the grounds of the appeal and the matter or thing complained of, and no other matter shall be considered by the board." But defendant did not see proper to appeal from the assessment.

The property was clearly taxable, and was assessed as ordinary personal property, at the instance of defendant itself, whose secretary and treasurer filled out and swore to the assessment list, and it ought not now in this proceeding be heard to say that the assessment was void. Besides, there is no intimation whatever in the assessment list returned by defendant, that it was at that time a manufacturing company.

The list is headed as follows:

"Assessment List.

"(Revised Statutes 1889.)

"List of taxable property belonging to or under control of Brown Tobacco Co. of Montgomery City, Township, Cong. Twp. — R. — Montgomery county, State of Missouri, on the first of June, 1893."

Upon no principle should defendant be permitted to say the assessment was void, because of mere errors

or irregularities in the manner of listing the property, especially when no objection was made by defendant upon the ground of the irregularity, and it being itself a party to it. *St. Louis Building and Savings Association v. Lightner*, 47 Mo. 393.

On June 1, 1893, defendant was a resident of Montgomery county, and its personal property was properly taxed in that county for the succeeding year notwithstanding its removal to the city of St. Louis in the fall of that year. In *DeArman v. Williams*, 93 Mo. 158, it was said: "The assessor is required to make the assessment between the first of June and January (Acts of 1883, page 134), and from the oath prescribed by section 2, Acts of 1881, page 179, it is clear that the list must include all property owned on the first day of June. Plaintiff being a resident of Johnson county from June 1 to December 1, 1882, his personal property was liable to taxation in that county for the year known as the tax year of 1883. His subsequent removal to Bates county did not prevent the officers of Johnson county from extending and collecting the tax, nor does the fact that he, in 1883, invested the money in a stock of goods, and paid a merchant's license in Bates county for 1883, relieve him from the payment of the Johnson county tax."

As defendant's personal property was properly taxed in Montgomery county for the tax sued for, the fact that the company may have thereafter paid a manufacturer's tax in the city of St. Louis for the year 1894, is no defense to this action. Nor was there error committed in admitting the tax bill in evidence, or in excluding evidence introduced by defendant.

The judgment is clearly for the right party and should be affirmed. It is so ordered. GANTT, P. J., and SHERWOOD, J., concur.