## CARL SIEVERT v. N. A. SELVIG.[1]

November 30, 1928.

No. 26,933.

**Default judgment not void for want of jurisdiction.**

Where a summons names the proper court wherein the action is brought and is in all respects in proper form and properly served, jurisdiction over the person of the defendant is acquired, and a default judgment thereafter entered in the action is not void for want of jurisdiction by reason of the fact that in the caption of the complaint attached to and served with the summons the wrong court was named.

Courts, 15 C. J. § 82 p. 787 n. 56.
Judgments, 33 C. J. § 81 p. 1134 n. 1.

Defendant appealed from an order of the municipal court of Minneapolis, Carroll, J. denying his motion to vacate a default judgment entered against him in that court. He claimed a variance between the summons and complaint. Affirmed.

*Schwartz & Halpern,* for appellant.

*Ohman, Fryberger & Wangaard,* for respondent.

Olsen, C.

A default judgment was entered against defendant in the municipal court of the city of Minneapolis. Defendant moved to vacate the judgment on the ground that "said judgment is wholly null and void." The motion was denied and defendant appeals.

The action was commenced by service of a summons and complaint. The summons was entitled: "State of Minnesota, County of Hennepin, Municipal Court, City of Minneapolis." It was in all respects regular in form as a summons in municipal court. It required the defendant to serve a copy of his answer on the plaintiff's attorneys within ten days after service of the summons. The time for answer in actions in municipal court is ten days, while in district court it would be 20 days. The complaint was attached to the summons and a copy of each, fastened together, delivered to defend-

[1]Reported in 222 N. W. 281.

ant. The complaint and copy thereof served on defendant were entitled in the district court of Hennepin county, fourth judicial district. It is this variance between the captions of the summons and complaint which is made the basis for the motion.

Actions are commenced in this state in district court by service of a summons. G. S. 1923, § 9224. The same provision is in the law governing commencement of actions in the municipal court.

It is the general rule that a summons, regular in form and properly served, confers jurisdiction over defendant's person. Millette v. Mehmke, 26 Minn. 306, 3 N. W. 700; Lee v. Clark, 53 Minn. 315, 55 N. W. 127; Houlton v. Gallow, 55 Minn. 443, 57 N. W. 141; W. W. Kimball Co. v. Brown, 73 Minn. 167, 75 N. W. 1043; Plano Mfg. Co. v. Kaufert, 86 Minn. 13, 89 N. W. 1124; Francis v. Knerr, 149 Minn. 122, 182 N. W. 988.

The failure to file or serve the complaint at the time of service of the summons is only an irregularity. Millette v. Mehmke, 26 Minn. 306, 3 N. W. 700; Houlton v. Gallow, 55 Minn. 443, 57 N. W. 141.

The summons, while not process in the strict sense of the term, is the notice by which jurisdiction over the person of the defendant is acquired. Francis v. Knerr, 149 Minn. 122, 182 N. W. 988. It is held in that case that the court may look beyond the form of the summons in determining the question of jurisdiction, where the information conveyed by the summons and on which defendant has the right to rely is shown to be both untrue and misleading. But here there was nothing untrue in the summons and no showing that defendant was misled.

G. S. 1923, § 9250, provides that the complaint shall contain, among other things, "the title of the action, naming the court and the county in which it is brought, and the parties, plaintiff and defendant, therein." The complaint shall also state facts constituting a cause of action and contain a demand for the relief desired by plaintiff. The complaint is governed by the rules as to pleadings. It may be amended as a matter of right at any time before the time to answer expires, and thereafter by motion and leave of court before or at the trial. It would not seem that jurisdiction over the

person of the defendant is acquired by or is dependent upon the complaint. The complaint may be served with the summons or filed in the court, but the failure either to serve or file the complaint at the time the summons is served, as before noted, is held to be an irregularity only and not to go to the jurisdiction of the court.

In Evangelical L. H. Assn. v. Schultz, 136 Minn. 459, 161 N. W. 1054, both the summons and complaint named the municipal court of Mankato, Blue Earth county, as the court wherein the action was brought. It was held that no jurisdiction over defendant was acquired by service of the summons in Waseca county, where defendant resided, and that a default judgment entered in the district court of Blue Earth county was void.

In Thompson Yards, Inc. v. Standard H. B. Co. 161 Minn. 143, 201 N. W. 300, the original summons was entitled in district court of Ramsey county, while the copy delivered to defendant was entitled in district court of Hennepin county and stated that the complaint was on file in that court. The real estate upon which a lien was claimed was located in Ramsey county and the complaint was filed in the district court of that county. The service of the summons was held to be fatally defective.

The Iowa cases cited by appellant arose under a statute requiring the filing of a petition naming the court wherein the action is brought and the parties and invoking the jurisdiction of that court. It was held at an early date in that state that jurisdiction depended first, upon the law, and second, upon the petition. Morrow v. Weed, 4 Iowa, 77, 66 Am. D. 122. The later cases are based on the holding that no petition invoking the jurisdiction of the court had been filed. In none of them is there a direct decision that the failure to name the court, or any court, in the petition deprives the court of jurisdiction. Language to that effect was used in Morgan v. Small, 33 Iowa, 118, but it was pointed out in the later case of Garretson v. Hays Bros. 70 Iowa, 19, 29 N. W. 786, that this language was not necessary to the decision, and that if a petition invoking the jurisdiction of the court had in fact been filed, an incorrect naming of the court or a failure to name the court in the petition might not be fatal. See also Smith v. Watson, 28 Iowa, 218.

In Eggleston v. Wattawa, 117 Iowa, 676, 91 N. W. 1044, the court was passing upon a judgment of the circuit court of Brule county, South Dakota. The summons in that action was held fatally defective because it did not correctly name the court wherein the action was brought but named a court not then in existence. The Iowa court held that the summons, in order to constitute due process, must correctly name the court wherein the action is brought.

The New York case of Fisher v. Ogden, 12 App. Div. 602, 43 N. Y. S. 111, indicates that the naming of the court in the caption of a complaint is subject to change and amendment.

We conclude that the failure correctly to name the court wherein the action is brought in the caption of the complaint or the failure to name therein any court is an irregularity, subject to amendment and not fatal to jurisdiction under our laws. If misled, defendant may seek appropriate relief.

Order affirmed.