TERRITORY OF ALASKA v. FIRST NAT. BANK OF FAIRBANKS.

No. 6010.

Circuit Court of Appeals, Ninth Circuit.

May 19, 1930.

John Rustgard, Atty. Gen., Territory of Alaska, for the Territory of Alaska.

John A. Clark, of Fairbanks, Alaska, and Thomas R. Lyons and Ira D. Orton, both of Seattle, Wash., for appellee.

Before DIETRICH and WILBUR, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

An appeal is prosecuted from a judgment of dismissal at the close of plaintiff's testimony, because, first, there is no evidence of death of Charles Clinton Rice; second, there is no evidence that he left no heir.

The plaintiff produced testimony that Charles Clinton Rice, during 1918, deposited in the defendant bank War Savings Certificates and United States Bonds of the value of $2,695; that no interest has been collected upon them; that the War Savings Stamps have long since matured; that the bank has not heard from Rice since the time the deposits were made; that the bank endeavored to locate Mr. Rice during the last two years preceding the trial, had made inquiries at the post office where the War Savings Stamps were purchased and registered, inquired at the probate court as to the death of Rice or institution of probate proceedings, inquired amongst individuals by the name of Rice and others who might have knowledge of or might be acquainted with Rice. His occupation was not known, nor where he worked or lived, or where he came from; whether resident or transient, is unknown; that no person is known who knows anything about Rice.

On the 5th day of June, 1929, the Attorney General of Alaska published in the "Fairbanks News Miner," a newspaper of general circulation published at Fairbanks, Alaska, in the Fourth division and territory, a notice to the following effect: "Information is sought by the territorial officers concerning the following persons: * * * Charles Clinton Rice. * * Any person who can give any information as to where any of these people came from, where they went to, where they may be found, what became of them or where any of their friends or relatives may be found, will kindly write to the undersigned. John Rustgard, Attorney General, Juneau, Alaska."

On the following 8th day of June a show cause order issued in this case by the judge of the District Court was published in the said newspaper and once a week thereafter for six consecutive weeks, the last publication appearing on the 20th day of July, 1929, to the following effect: "To Whom It may Concern," that Charles Clinton Rice had died intestate more than seven years ago, leaving no heirs, but left War Savings Certificates and United States bonds for safe-keeping in the First National Bank of Fairbanks, Alaska, the par value of which is in excess of $2,695; that the same has escheated to and become the property of the territory of Alaska, and praying a decree adjudging and decreeing such property to be the property of the territory of Alaska, and requiring all persons to show cause, at a time and place given, why title to such property should not vest in the territory. No claimant appeared.

The validity of the Alaska escheat statute was determined by this court, between the same parties, in 22 F.(2d) 377.

Chief Justice White, in substance, stated, in Cunnius v. Reading School District, 198 U. S. 458, 25 S. Ct. 721, 49 L. Ed. 1125, 3 Ann. Cas. 1121, there is no occasion to demonstrate by original reasoning that the right to prescribe treatment or to deal with property of absentees is an attribute which must, in the very essence, belong to the territory or state. The power is limited to determine title to property of persons named; and the Supreme Court, in American Land Co. v. Zeiss, 219 U. S. 47, 31 S. Ct. 200, 55 L. Ed. 82, held that it is essential that the right operate on all persons known and unknown.

The show cause order—public citation—discloses the nature of the proceeding, describes the estate, the depositary, the time for hearing, admonishes all persons to appear and make claim or show cause why escheat should not be decreed, a procedure which the Legislature had the power to prescribe. See Hamilton v. Brown, 161 U. S. 256, 16 S. Ct. 585, 40 L. Ed. 691; Cunnius v. Reading School District, supra. In no other way, as stated by Chief Justice Holmes in Tyler v. Registration of Court Judges, 175 Mass. 71, 55 N. E. 812, 51 L. R. A. 433, can unknown claimants be dealt with. Justice Miller in Huling v. Kaw Valley R. & I. Co., 130 U. S. 559, 9 S. Ct. 603, 605, 32 L. Ed. 1045, in discussing the effect of such notice, said: "Of course, the statute goes upon the presumption that since all the parties cannot be served personally with such notice the publication, which is designed to meet the eyes of everybody, is to stand for such notice. The publication itself is sufficient * * * to subject the property to the action of the tribunals appointed by proper authority to determine those matters."

It is scarcely conceivable wherein the show cause order could have been any more

specific or elucidating as to the object of the proceeding, or the proofs, under the circumstances, been more explicit. If the notice had been read by Rice or his heirs, it would have apprised them of the necessity and duty to appear. See Smith v. Watson, 28 Iowa, 218; Bryant et al. v. Mack et al. (Ky.) 41 S. W. 774; Bryant v. Cheek (Ky.) 41 S. W. 776.

The instant issue is between the territory and the defendant bank as to the right to the possession of the deposit, and, as between them, is a proceeding in rem. Upon the proof of absence for the statutory period the presumption of death arises, and with the presumption of death, when no administration has been had, for more than ten years, which is longer than the statutory period, the presumption of intestacy must obtain. The right of the heirs is no greater than the right of the owner, and when the right of the owner escheats by reason of absence, the right of the heir is foreclosed, if claim is not made, after the citation given.

The evidence clearly shows not only absence from the community, but lack of information concerning the absentee on the part of those likely to hear from him, the bank, after diligent inquiry. Modern Woodmen of America v. Gerdom, 72 Kan. 391, 82 P. 1100, 2 L. R. A. (N. S.) 809, 7 Ann. Cas. 570; Davie v. Briggs, 97 U. S. 628, 24 L. Ed. 1086. There is evidence of diligent inquiry of those who would likely know of administration or claim of administration upon his estate; and, Rice, having no established residence, and the community and territory being sparsely settled, and continued search for two years and inquiry having been made of all persons of similar name, and which appears to have extended to all places where information was likely to be obtained, and all those persons who, in the ordinary course of events, would be likely to know if Rice were alive—all sources of information which the circumstances suggested, appear exploited, and if proof of death must be produced and proof of no heir and intestacy beyond the requirements of the limitation of the absence escheat statute, then the statute would be of no avail, and the territory would be deprived of an attribute which unquestionably obtains; and while the presumption obtains that a decedent leaves next of kin capable of inheriting, this presumption is rebutted by the absence of the deceased for the period of ten years without any claim made for the property or institution of probate proceedings and default in asserting claim, after notice, after the show cause order.

Reversed and remanded for further proceedings.