## ED FRITZ AND OTHERS v. JOHN HANFLER.
## T. B. WOZNAK, APPELLANT.[1]

December 13, 1935.

Nos. 30,663, 30,665.

*Charles A. Fortier,* for contestants.
*Frederick J. Miller* and *Leonard L. Sumner,* for contestee.

LORING, JUSTICE.

These are appeals from a judgment holding certain offenses by the contestee against the corrupt practices act to be limited in character and that his candidacy and election were free from all offenses or illegal acts or circumstances that would justify the forfeiture of his office.

At the primary election held on June 18, 1934, John Hanfler and T. B. Woznak were nominated as candidates for the office of county

[1]Reported in 263 N. W. 910.

commissioner for the fifth commissioner's district of Morrison county. At the general election held on November 6, 1934, Woznak was defeated, and Hanfler received a certificate of election from the county canvassing board. Hanfler was chairman of the emergency relief board of that county. The court has found as facts that on November 5, 1934, while campaigning for election to the office which he sought, Hanfler went to the farm home of Mrs. Agnes Pierzina, whose husband, Theodore, was then working on relief. He handed her one of his political cards and a letterhead of the county emergency relief administration on which he was designated as chairman of the relief board. Amongst other things, he said to her: "I heard you folks are terribly against me." He informed her that he had boosters who told him who were against him and who were not, and he said: "Oh, I suppose you folks forgot what I done for you this spring." He reminded her that her husband was working on relief. He told her that the county commissioner had nothing to do with relief work and said: "If I don't get on, those that are on relief are going off; that's what's feeding you." And as he was leaving he said to her: "Now, remember what I told you about the relief. You and Theodore talk it over tonight."

The court further found that on the 28th or 29th of October he said to one Leo Howanetz, who was seeking an assignment as a relief worker: "Well, I heard you are working against me," and then told Howanetz that if he, Hanfler, got off as county commissioner, the relief would be cut right off.

November 2, 1934, he engaged in a conversation with Frank Scepurek, a relief worker, in the course of which he said to Scepurek, in substance: "Are you and Joe Scepurek biting yourselves?" Scepurek replied: "We are not biting ourselves exactly, but we are not kissing ourselves either." Hanfler then said that he had been informed by Joe Scepurek that he, Frank Scepurek, was not going to vote for him and produced a letterhead of the relief administration with his name on it as chairman of the county relief board and asked Scepurek to vote for him in his campaign for county commissioner. Scepurek refused, and Hanfler told him that he had

power to put anybody on relief or take anyone off relief as he liked, that he had spotters in the country who told him just who was for him and who was against him and then said: "Them that are against me are going to get off the relief because they are biting the hand that is feeding them." He concluded by saying: "I heard this young Gorka is talking against me;'if I am elected or not, he is going off of the relief." All three of the people with whom he had these conversations were found to be legal residents and voters of his commissioner district. The court may have been in error as to one of these persons being a legal voter. The court further found that Hanfler made these statements deliberately and in order to induce these voters to vote for him at the general election and to refrain from voting for Woznak, and that such statements were prohibited by the provisions of 1 Mason Minn. St. 1927, § 548. The court further found that the offenses complained of were limited in character, and, except for such statements, his candidacy and election, as far as the evidence 'discloses, were free from all offensive or illegal acts, and under the circumstances it would seem to be unjust that he forfeit his office.

Hanfler has also appealed and asserts that the trial court erred in allowing the contest petition to be amended at the commencement of the hearing and in denying his motion to dismiss at the end of the testimony, and that the court erred in failing to strike certain allegations from the petition or to require them to be made more definite and certain.

The first point made by Hanfler is that the petition originated as a voters' contest with Woznak included as one of the qualified voters bringing the contest. It did not then state that he was a defeated candidate, but the court allowed the petition to be amended so as to show that he was such. 1 Mason Minn. St. 1927, § 570, provides for a contest by 25 voters or by any defeated candidate.

We are of the opinion that there was no error in permitting the amendment of the petition after the time had expired for bringing the contest. The contestant was one of the 25 or more voters who began the contest. The ground of contest was not changed by the amendment. The same violation of the same right was charged

by the amendment as was charged by the original petition. No new subject of controversy was introduced. The court already had jurisdiction of the parties, and the amendment merely placed contestant in a position to continue the contest alone.

We think the contestee was not prejudiced by the failure to require the petition to be made more definite and certain. After petitioners' evidence was in he was given ample opportunity to obtain evidence in reply thereto.

The facts found by the trial court, in our opinion, require a reversal. The attempted coercion of voters who are in such straitened circumstances as to be upon public relief is so reprehensible an offense as to require the most drastic consequences. No form of violation of the corrupt practices act could be more subversive of the purposes of democratic government. If such practices are tolerated they will be a menace to good government and to the liberties of the people. Though the number of offenses proved was limited, the judgment that the election was free of all offensive or illegal acts is contrary to the facts found. Here was no accidental miscalculation or act committed in good faith, but "deliberate, serious, and material" attempts at coercion of the most flagrant type, acts which show conclusively the contestee's unfitness for office or public trust, acts which this court cannot sufficiently condemn as gross violations of the sanctity of the franchise.

The judgment is reversed and the case remanded with directions to enter judgment annulling and setting aside the contestee's election and declaring the office vacant.