J. EMIL STROM v. JALMER LINDSTROM.[1]

November 12, 1937.

No. 30,971.

[1]Reported in 275 N. W. 833.

*Harry C. Applequist* and *C. E. Berkman,* for contestant-appellant.
*Philip M. Stone,* for contestee-respondent.

JULIUS J. OLSON, JUSTICE.

The parties to this cause were opposing candidates for the office of alderman in the third ward of Chisholm at the December 3, 1935, election. On December 11 the canvassing board found and determined that respondent had been elected to that office. Thereupon contestant, pursuant to the provisions of 1 Mason Minn. St. 1927, § 488, sought to appeal to the district court from the declared re-

sult. The notice of appeal was filed within ten days after the declared result by the canvassing board, but the filing was made at the office of the deputy clerk at Hibbing, and the notice did not contain the words, as required by the statute: "to be tried at the Village of Hibbing." A copy of the notice was later filed at Duluth but not within the statutory limit of ten days. Respondent made special appearance on the return day challenging the jurisdiction of the court on the ground that the notice of appeal had not been filed in time. The court sustained respondent's special appearance and, in conformity with his motion, dismissed the appeal. Later contestant procured an order to show cause why he should not be permitted to amend his notice of contest by inserting therein the words required by the statute: "to be tried at the Village of Hibbing." The basis for his claim to bring about this change was stated in his notice of motion to be "that the words 'to be tried at the village of Hibbing' were by inadvertence omitted from the notice of contest." The court denied the motion. Contestant has appealed from the order dismissing the contest for lack of jurisdiction, but not from the order refusing to vacate.

The issue presented is the single one of whether a notice of appeal in an election contest, filed within ten days after the canvass of the election in the office of the deputy clerk at Hibbing from which notice the words "to be tried at the village of Hibbing" had been omitted, conferred jurisdiction on the court. If jurisdiction was conferred, then clearly the court was in error, otherwise the order made must stand for affirmance.

■ As has already been mentioned, 1 Mason Minn. St. 1927, § 488, is the principal statute involved. This statute provides that contestant in such proceeding must file his notice of appeal with the clerk of the district court of his residence within ten days after the canvass is completed. The filing of such notice within the statutory limitation is jurisdictional. Baberick v. Magner, 9 Minn. 217 (232); Odegard v. Lemire, 107 Minn. 315, 119 N. W. 1057; Whittier v. Village of Farmington, 115 Minn. 182, 131 N. W. 1079.

■ In St. Louis county there are three places in addition to the city of Duluth where chief deputy clerks function, Virginia, Ely,

and Hibbing. Under the provisions of L. 1931, c. 160, 3 Mason Minn. St. 1936 Supp. § 166, "the office of said deputy clerk at said places shall be equally deemed the office of the clerk of court for all purposes *except the filing of papers in actions or proceedings to be tried at Duluth."* (Italics supplied.) Duluth, as is well known, is the county seat of St. Louis county, and there is no other. In other words, for the filing of papers in cases to be tried at Duluth, the office of the clerk at any of the mentioned places outside of Duluth is not the office of the clerk of the district court.

L. 1931, c. 195, 3 Mason Minn. St. 1936 Supp. § 172, specifically states that any party seeking to invoke the jurisdiction of the court in "any election contest" shall, in the notice of appeal "or other jurisdictional instrument issued therein, in addition to the usual provisions," "print, stamp or write thereon the words 'to be tried at the village of Hibbing.'" In the instant case contestant did not do anything of the kind. Obviously, then, under the statute, the proceeding here attempted would have to be at Duluth, and that city was the place and the only place for the filing of the notice.

■ Contestant does not seriously question this result except that in his brief he expresses the opinion that this court in Fritz v. Hanfler, 195 Minn. 640, 263 N. W. 910, 911, permitted an amendment to the notice of appeal. That case does not aid contestant. There (195 Minn. 643) "the court already had jurisdiction of the parties, and the amendment merely placed contestant in a position to continue the contest alone."

Always to be remembered is the rule that on matters involving jurisdiction of the court "where the mode of acquiring jurisdiction is prescribed by statute compliance therewith is essential or the proceedings will be a nullity." 15 C. J. p. 797 [§ 92]. "Jurisdiction may depend upon the existence of one of two or more alternative facts or conditions; and where certain facts must exist as a necessary prerequisite to the jurisdiction of a court, they must exist at or before the time when the court assumes jurisdiction. Whenever the attention of the court is called to the absence of a jurisdictional fact, it may, and should, refuse to exceed its powers." 15 C. J. p. 732 [§ 27]. "Until the service of a proper notice of appeal the district

court has no jurisdiction for any purpose. And it cannot appropriate to itself a jurisdiction which the law does not give it by correcting or permitting the correction of a notice of appeal after the time for taking the appeal has expired." In re Estate of Mikkelson, 178 Minn. 601, 603, 228 N. W. 174, 175.

The court in its memorandum so clearly states its reasons for the result reached that the following quotation therefrom should be made:

"The office of the clerk of court at Hibbing is not the office of the clerk of court for filing papers in matters triable at Duluth. Chapter 160, Laws of 1931; Chapter 195, Laws of 1931. If this was a contest arising in Duluth or that vicinity, or at Virginia or Ely, it would be very apparent that the filing of the papers at Hibbing, where no designation was made, was improper. The fact that it arose at Chisholm, which is only a few miles from Hibbing, can make no difference. The plaintiff or contestant can start his action or contest or appeal in any one of the three places besides Duluth in the county by proper designation; if he makes no designation it is triable in Duluth, and he must be deemed to have so intended.

"The court cannot change the statutes. The statute requires notice of appeal to be filed in the office of the clerk of the District Court within ten days. This is a jurisdictional prerequisite to the right of the court to consider the case at all. Notice of appeal was not filed in the office of the clerk of court within the ten-day period. The court has acquired no jurisdiction. The court cannot allow an amendment."

Order affirmed.

PETERSON, JUSTICE (dissenting).

By L. 1931, c. 160, 3 Mason Minn. St. 1936 Supp. § 166, the office of the deputy clerk of court at Hibbing is equally deemed the office of the clerk of court of St. Louis county for all purposes except the filing of papers in proceedings to be tried at Duluth. This election contest was in fact to be tried at Hibbing, and therefore the office of the deputy clerk was the office of the clerk of court of St.

Louis county, and it was permissible under said act to file the notice with the deputy clerk at Hibbing.

▮ An amendment to cure the defect in the notice by adding that the action is to be tried in the village of Hibbing is permissible under 2 Mason Minn. St. 1927, § 9243, which provides:

"A notice or other paper shall be effectual though the title of the action be omitted, or it be otherwise defective as to the designation of the court or the parties, if it intelligibly refers to the action or proceeding. In furtherance of justice, the court, on proper terms, may permit any other defect or error in the papers to be amended, and may relieve against any mischance, omission, or defect within one year after it occurs;   *   *   *"

Section 9283 authorizes courts in all proceedings to relieve against omissions and mistakes and permit defects or errors in notices and other papers to be amended in the furtherance of justice. The two statutes clearly indicate that a defect of the kind involved in this case can be cured by amendment and that a court should permit such amendment in the furtherance of justice. Notices of election contest are treated as the pleadings in the case, "and may be amended in the discretion of the court." 1 Mason Minn. St. 1927, § 488. Construing the three cited sections of the statutes together, there can be no doubt that the notice of election in this case was amendable to cure the alleged defect.

Election contests rest on statutory authority, and the statutes authorizing them are to be strictly pursued, but it is yet true that "this court has never been averse to the allowance of a fair opportunity of ascertaining the actual result of an election. The important thing is that the truth be ascertained and the will of the voters be given effect; and the notice of appeal is intended as an aid, not a hindrance, to a fair investigation." Moon v. Harris, 122 Minn. 138, 140, 142 N. W. 12, 13.

The strict, irremediable adherence to statutory directions required by the majority opinion is not demanded in ordinary civil proceedings. Thus where a statute provided that in a mechanic's lien action the summons shall require the answers to be filed with

the clerk of court, we held that the mistake of having a summons require the defendants to serve their answers as in the ordinary action "was amendable or might be disregarded." Melvey v. Bowman, 169 Minn. 504, 505, 212 N. W. 194, 195; and in Flanery v. Kusha, 143 Minn. 308, 310, 173 N. W. 652, 6 A. L. R. 838, where a summons failed to meet the requisites of the statute because the word "days" was omitted after the word "twenty" in requiring the defendant to answer, we held that, notwithstanding the defect, the court acquired jurisdiction to enter the judgment, pointing out that "the statute prescribing its [the summons'] requisites is to be liberally construed, there being no general rule as to what defects are jurisdictional," and following Lockway v. Modern Woodmen, 116 Minn. 115, 133 N. W. 398, Ann. Cas. 1913A, 555, which held that a summons requiring an answer within 20 days instead of 30 days, to which the defendant was entitled by the applicable statute, might be amended to conform to the statute. In Sievert v. Selvig, 175 Minn. 597, 222 N. W. 281, it was held that failure correctly to name the court wherein the action was brought in the caption of the complaint or the failure to name therein any court was an irregularity, subject to amendment. See cases cited in 5 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 7805.

■ Section 172 should be construed as being directory rather than mandatory, to the end that proceedings had thereunder may be adaptable in the furtherance of justice. It is not to be construed as mandatory simply because it provides that one wishing a proceeding to be tried at Hibbing "shall" write, print, stamp, etc., on the instrument that the action is to be tried at Hibbing. The word "shall" is often construed as meaning "may." It indicates that the statute is to be obeyed, but it does not necessarily indicate that failure strictly to comply is jurisdictional or fatal to proceedings had thereunder. Wenger v. Wenger, 200 Minn. 436, 274 N. W. 517; 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 8954. Ordinarily, unless a statute prescribes the consequences of failure to comply therewith, it will be construed to be directory. This statute does not prescribe any consequences of failure to comply therewith, and therefore it should be construed to be directory.

Rambeck v. La Bree, 156 Minn. 310, 194 N. W. 643. The statute should not be construed to be mandatory because of the consequences which will ensue upon such a construction. After all, the power of amendment is granted to courts in order to promote and not to defeat justice. The district courts of the state, including the district court of St. Louis county, have the power to grant amendments which would cure a defect like the one involved in this case. If the action arose in Duluth instead of the village of Hibbing, there is no doubt that the district court of St. Louis county would have the power to grant the amendment. This question arises not only with respect to notices of appeal in election contests, but to any notice, summons, pleading, or other paper required to be filed in the offices of the clerks of the district court in the village of Hibbing and the cities of Virginia and Ely. The result of the majority opinion, by its construction of § 172, is to take away from the district court of St. Louis county at the three places last mentioned the power of amendment which it has under §§ 9243 and 9283, and thus disable it from doing justice in cases at those three places by granting amendments, which power it possesses at Duluth and which all of the courts of the state possess. It seems to me that such a result is a hardship and an absurdity and should be avoided. 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 8947. Would this court divest the title of a purchaser of property through lien foreclosure, or the title of his heirs, by holding that the decree of foreclosure was an act *coram non judice* because, after full proceedings, decree, and sale, it was sometime learned that the original pleading filed had failed to recite that the proceeding was to be tried where it had been tried? Or if on appeal from the railroad and warehouse commission an order is vigorously contested and affirmed after elaborate findings, is that order of affirmance a nullity because the notice of appeal did not state that it would be tried at Hibbing where it was tried? It seems to me that it is hardly necessary to dilate further on this question. In my opinion, the order dismissing the appeal should be reversed.

MR. JUSTICE STONE took no part in the consideration or decision of this case.