MERCHANTS & MINERS STATE BANK OF HIBBING v.
MILTON MANNER AND OTHERS.
H. SHUIRMAN AND ANOTHER, ADDITIONAL
RESPONDENTS.[1]

August 5, 1943.

No. 33,596.

[1]Reported in 10 N. W. (2d) 770.

*Jenswold, Butchart & Dahle,* for relators.
*M. J. Mulvahill,* for plaintiff-respondent.
*Naughtin & Henley,* for additional respondents.

PER CURIAM.

This case was a suit to foreclose two chattel mortgages, and it comes before us on an order to show cause why a peremptory writ of *mandamus* should not issue vacating the order of the district court of St. Louis county which changes the venue of the action from Duluth to Hibbing in that county. Under the provisions of Minn. St. 1941, § 484.50 (Mason St. 1927, § 172), such a suit may be transferred, for convenience of witnesses and to promote the ends of justice, to the various places in St. Louis county where court may be held, as in the change of venue of cases from county to county.

In the case at bar the plaintiff did not state on the summons "to be tried at the village of Hibbing," as required by statute, if it desired to lay the venue at Hibbing. Therefore the case stood for trial at Duluth unless removed by order of the court as authorized by the statute. The relators, Milton Manner, Carl W. Manner, and Howard A. Sukeforth, answered in due course, and plaintiff served the replies thereto, at the same time serving notices of trial for the Hibbing term. These notices of trial were promptly returned by defendants' counsel. The plaintiff then, by two separate orders to show cause, one directed to Milton Manner and the other to Carl W. Manner, moved for a change of venue from Duluth to Hibbing. In the affidavit in support of the motion and orders to show cause the plaintiff set out that failure to note upon the summons "to be tried at the village of Hibbing" was an inadvertence. It also set out in the affidavit that the convenience of witnesses and the ends of justice would be promoted by the change to Hibbing.

■ This court in Strom v. Lindstrom, 201 Minn. 226, 275 N. W. 833, held that the notation on the summons was necessary in order to lay the venue at the village of Hibbing, and that the court could not relieve the plaintiff of inadvertence in failing to make the notation on the summons. Therefore the only question properly before the district court on the orders to show cause was whether or not there was a proper showing of convenience of witnesses.

■ We pass the question as to whether plaintiff, having fixed the venue at Duluth when it might have fixed it at Hibbing, did not waive its right to move for change of venue for convenience of witnesses without a showing of a change in circumstances between the time of the service of summons and the motion for change of venue. Neither party in the affidavits in support of or in opposition to the motion for change of venue made an adequate showing as to what the witnesses would testify to or that such party could not safely go to trial without the witnesses named; but, as we view the record, the preponderance of the showing as to the convenience of witnesses, as shown by the affidavits, is so greatly in favor of Duluth that it was an abuse of discretion to change the venue to Hibbing.

The peremptory writ will issue as prayed for.

PETERSON, JUSTICE (concurring specially).

I concur upon the ground stated in the second paragraph of the syllabus.