ANDINO, DEMANDANTE Y APELADO, *v.* CANALES, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en pleito sobre desahucio en precario.

No. 1723.—Resuelto en febrero 4, 1918.

ALEGACIONES—JURISDICCIÓN SOBRE LA PERSONA DEL DEMANDADO.—Las alegaciones de las cortes de distrito deben hacerse por escrito en consonancia con los artículos 118 y 135 del Código de Enjuiciamiento Civil, pero ello no impide al juez inferior ni tampoco a la Corte Suprema considerar si ha habido o no jurisdicción sobre la parte demandada, examinando al efecto si el diligenciado del emplazamiento llena los requisitos sustanciales prevenidos por la ley.

DESAHUCIO—DESAHUCIO EN PRECARIO—APERCIBIMIENTO AL DEMANDADO—EMPLAZAMIENTO NULO.—La omisión del apercibimiento ordenado por el apartado 2º. de la sección 5ª. de la Ley de Desahucio de que no compareciendo el demandado por sí o por legítimo apoderado se decretará el desahucio sin más citarlo ni oirlo, constituye un defecto sustancial que vicia de nulidad el emplazamiento por privar al demandado del derecho a que se le informe de lo que puede ocurrirle si no comparece.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Ramírez Pabón & Hernández.*

Abogado del apelado: *Sr. Antonio Trujillo Güil.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Es el presente un recurso de apelación interpuesto por la demandada contra sentencia que en 18 de junio de 1917 pronunció la Corte de Distrito de San Juan, Sección 2ª., declarando con lugar la demanda radicada por el demandante Agustín M. de Andino para obtener el desalojo de una finca urbana que se describe en dicha demanda.

La sentencia dice como sigue:

"Hoy 18 de junio de 1917, y en corte abierta, se llamó este caso a la vista de la primera comparecencia, señalada para este día, compareciendo la parte demandante, por su abogado, quien manifestó hallarse listo para el caso.

"No compareció la parte demandada; pero se presentó el abogado, Señor Ignacio Hernández, manifestando que comparecía por la demandada con el único objeto de impugnar el emplazamiento, sin someterse a la jurisdicción de la corte; pero sin presentar alegación escrita alguna.

"Declarada sin lugar la moción del Abogado Señor Hernández, retirado éste voluntariamente de la vista, la parte demandante presentó su prueba, consistente en dos documentos, sin que ofreciese prueba testifical alguna.

"En virtud de la prueba ofrecida y de la incomparecencia de la parte demandada, en forma, la corte dicta sentencia, declarando con lugar la demanda y disponiendo que la parte demandada desocupe dentro del término de 20 días la finca objeto de la demanda, * * * sin especial condenación de costas."

El diligenciado del emplazamiento consigna entre otras cosas que el emplazamiento fué notificado personalmente a Juana Canales, en su casa, con copia del mismo y de la demanda, sin expresar el apercibimiento ordenado por la Sección 5ª. de la Ley de Desahucio de 9 de marzo de 1905, de que no compareciendo por sí o por legítimo apoderado se decretaría el desahucio sin más citarla ni oirla.

Alega la apelante como fundamento del recurso que la sentencia es nula pues la corte no adquirió jurisdicción sobre la persona de la demandada por no haber sido emplazada legalmente. El apelado sostiene que una moción de comparecencia especial *to quash the summons,* o sea para anular el emplazamiento, debe hacerse por escrito alegando las razones que la justifiquen.

Entendemos que las alegaciones en las cortes de distrito deben hacerse por escrito en consonancia con los artículos 118 y 135 del Código de Enjuiciamiento Civil, según sostuvo el Juez Sr. MacLeary en su opinión concurrente en el caso de *Olivieri et al* v. *MckJones,* 17 D. P. R. 1164, cuya doctrina fué aceptada por este tribunal en el caso de *Mongil* v. *Castro, Juez de Distrito,* 19 D. P. R. 683; pero ello no impide al juez inferior ni tampoco a esta Corte Suprema considerar si ha habido o no jurisdicción sobre la parte demandada, examinando si el diligenciado del emplazamiento llena los requisitos sustanciales prevenidos por la ley, pues los motivos de excepción que se basan en la falta de jurisdicción de la corte y en la carencia de hechos determinantes de una causa de acción pueden tratarse también *motu propio* o de oficio sin necesidad de que sean alegados ante la corte de distrito o ante la Corte Suprema según jurisprudencia repetida de este tribunal.

Para que un demandado quede sujeto a la jurisdicción de la corte es necesario que se le cite en la forma que la ley prescribe y además que se devuelva a la corte una constancia de haberse llevado a efecto la citación, de la cual aparezca que los requisitos exigidos por el estatuto se cumplieron debidamente, sin perjuicio de lo dispuesto en el artículo 98 del Código de Enjuiciamiento Civil. *Orcasitas* v. *Márquez et al,* 19 D. P. R. 477.

En el caso de *López* v. *Meléndez,* 22 D. P. R. 156, resolvimos implícita o tácitamente la cuestión que ahora estamos examinando, al decidir que en un pleito de desahucio en que se hace la citación del demandado con apercibimiento de que

si no comparece a formular sus alegaciones se continuará el pleito por todos sus trámites sin más citarlo ni oirlo hasta dictarse la sentencia que proceda, se había cumplido sustancialmente con el estatuto. En el presente caso no se hizo apercibimiento alguno y por tanto en ese particular no se cumplió con el estatuto. La corte no adquirió jurisdicción sobre la persona del demandado.

Véase también el caso de *Rubio* v. *Rodríguez, Juez Municipal,* 25 D. P. R. 182, en el que al examinar un recurso de *certiorari* dijimos que en la petición no se alegaba que al diligenciarse la citación se apercibiera al demandado de que no compareciendo por sí o por legítimo apoderado se decretaría el desahucio sin más citarlo ni oirlo, según previene la sección 5ª. de la ley sobre la materia, aprobada en 9 de marzo de 1905, no apareciendo que en la citación se llenaran todas las formalidades prevenidas por la ley y siendo por tanto defectuosa la demanda de *certiorari.*

Entendemos que cualquier irregularidad no vicia de nulidad el emplazamiento, y nos referimos para ello a lo doctrina establecida en los casos de *Serrano* v. *Berdiel et al,* 22 D. P. R. 445, y *Llorens* v. *Castillo, Juez Municipal,* 22 D. P. R. 670, pero la omisión del apercibimiento ordenado por el apartado 2º. de la sección 5ª. de la Ley de Desahucio constituye un defecto sustancial que vicia de nulidad el emplazamiento por privar al demandado del derecho a que se le informe de lo que puede ocurrirle si no comparece.

Es de revocarse la sentencia apelada y devolverse el caso al juez para que proceda con arreglo a los principios que dejamos establecidos.

> *Revocada la sentencia apelada y devuelto el caso para que se proceda con arreglo a los principios establecidos.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Hutchison.

El Juez Asociado Sr. Aldrey no intervino en la resolución de este caso.