SILVIA R. MUÑIZ y su esposo OTTO IRIZARRY SAMBOLÍN, peticionarios, *v.* CORTE DE DISTRITO DE MAYAGÜEZ, HON. R. RAMÍREZ PABÓN, JUEZ, demandada.

Núm. 1660.—*Sometido:* Julio 8, 1946. *Resuelto:* Julio 22, 1946.

450

*Mario Báez García* y *José M. Ramírez de Arellano,* abogados de los peticionarios; *Ildefonso Freyre,* abogado de los interventores, demandados en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Los peticionarios demandaron en desahucio a Lydia Quiñones y a su esposo Federico Gregory ante la Corte Municipal de San Germán. En la primera comparecencia los demandados, además de contestar la demanda, radicaron una moción sobre nulidad del emplazamiento y su diligenciamiento. Ofrecieron prueba documental y estipularon con los demandantes que por ese hecho no renunciaban a su impugnación al emplazamiento. Se celebró el juicio en la segunda comparecencia y la corte declaró sin lugar la cuestión legal planteada y al mismo tiempo desestimó la demanda. Los demandantes apelaron para ante la Corte de Distrito de Mayagüez. De nuevo los demandados reprodujeron su impugnación al emplazamiento y ofrecieron su prueba en la primera comparecencia. En la segunda se discutió la moción de los demandados y la corte dictó resolución declarándola con lugar y sosteniendo que carecía de jurisdicción apelativa para conocer del caso por no haberla tenido originalmente la corte municipal. Para revisar dicha resolución expedimos el auto de *certiorari* en este caso.

La moción sobre nulidad de los demandados se basa en lo siguiente:

"Que el emplazamiento y el diligenciamiento del mismo son nulos y sin ningún valor por el fundamento de que el diligenciamiento

de dicho emplazamiento no contiene el apercibimiento que dispone la sección quinta de la Ley de Desahucio al efecto de. que si los demandados dejaran de comparecer a contestar por escrito la demanda, bien personalmente o por medio de abogado o apoderado, se decretaría el desahucio solicitado sin más citar ni oír a los demandados.''

El emplazamiento que impugnan los demandados en el caso de desahucio claramente les apercibía de las consecuencias de no comparecer a la primera comparecencia. Copiado literalmente dice así:

''A los demandados arriba mencionados, Lydia Quiñones y su esposo Federico Gregory:

''Por la presente se les emplaza, requiere y notifica que la Corte ha señalado el día 3 de abril de 1946, a las 9:30 de la mañana para la primera comparecencia que determina la ley de desahucio y *se les apercibe que si en dicho día y hora no comparecen ustedes por sí o por medio de legítimo apoderado o abogado, se decretará el desahucio sin más citarles ni oirles,* de acuerdo con la súplica de la demanda, copia de la cual les es servida en este acto y se les notifica que es abogado de los demandantes el Lcdo. Mario Báez García, con oficina abierta en la segunda planta del edificio Radio Center de Mayagüez, Puerto Rico, a quien deben ustedes notificar de su contestación a la demanda.'' (Bastardillas nuestras.)

La orden de citación expedida por la corte también contenía el mismo apercibimiento.

Y el certificado del márshal transcrito literalmente lee así:

''Yo, Ricardo Marty, Jr., Márshal de la Corte Municipal de San Germán, Puerto Rico:

''Certifico:—Que recibí el presente emplazamiento a las 3:00 de la tarde del día 25 de marzo de 1946 y que notifiqué el mismo personalmente a las 5:15 y 5:30 de la tarde del día 25 de marzo de 1946 a Federico Gregory y Lydia Quiñones, respectivamente, demandados mencionados en dicho emplazamiento, entregando a dichos demandados y dejando en su poder, personalmente, en su casa calle Dr. Veve, San Germán, P. R., una *copia fiel y exacta de dicho emplazamiento, de la demanda y de la orden de citación* expedida por el Juez, habiendo hecho constar, con mi firma al dorso de la copia del emplazamiento entregado el sitio y fecha de su entrega y notificación.'' (Bastardillas nuestras.)

El segundo párrafo del artículo 5 de la Ley de Desahucio (Art. 624 del Código de Enjuiciamiento Civil) dispone que "Al citarse al demandado se le apercibirá de que no compareciendo por sí o por legítimo apoderado se decretará el desahucio sin 'más citarlo ni oírlo."

Arguyen los demandados que no conteniendo el certificado del diligenciamiento del márshal el apercibimiento, es nulo el emplazamiento. Se basan en el caso de *Andino* v. *Canales*, 26 D.P.R. 134.(¹) Somos de opinión que dicho caso es claramente distinguible del de autos. Hemos examinado el expediente original de aquél y encontramos que si bien el certificado del márshal guardaba silencio en cuanto al apercibimiento el emplazamiento en sí tampoco contenía apercibimiento alguno y se resolvió que:

"Entendemos que cualquier irregularidad no vicia de nulidad el emplazamiento, y nos referimos para ello a la doctrina establecida en los casos de *Serrano* v. *Berdiel et al*, 22 D.P.R. 445, y *Llorens* v. *Castillo, Juez Municipal*, 22 D.P.R. 670, pero la omisión del apercibimiento ordenado por el apartado 2º. de la sección 5ª. de la Ley de Desahucio constituye un defecto sustancial *que vicia de nulidad el emplazamiento* por privar al demandado del derecho a que se le informe de lo que puede ocurrirle si no comparece." (Bastardillas nuestras.)

En *López* v. *Meléndez*, 22 D.P.R. 156, citado con aprobación en el caso de *Andino*, supra, se resolvió que un aperci-

_____

(¹)En este caso se dijo en la pág. 136:

"Para que un demandado quede sujeto a la jurisdicción de la corte es necesario que se le cite en la forma que la ley prescribe y además que se devuelva a la corte una constancia de haberse llevado a efecto la citación, de la cual aparezca que los requisitos exigidos por el estatuto se cumplieron debidamente, sin perjuicio de lo dispuesto en el artículo 98 del Código de Enjuiciamiento Civil. *Orcasitas* v. *Márquez et al*, 19 D.P.R. 477.''

En el caso de *Orcasitas* v. *Márquez*, de donde se tomó *verbatim* este párrafo, lo que se resolvió fué que el diligenciamiento de la citación no había sido autenticado en la forma que exige el artículo 92 del Código de Enjuiciamiento Civil y que para que un menor de edad quede sometido a la jurisdicción de una corte, es indispensable que se le cite personalmente, no siendo suficiente el emplazamiento hecho a su tutor.

bimiento en el emplazamiento al efecto de que "si no comparece en dicha sesión a formular sus alegaciones se continuará el pleito por todos sus trámites sin más citarle ni oírle, hasta dictarse la sentencia que proceda," era suficiente y por tanto no era nulo el emplazamiento, a pesar de que el márshal en el diligenciamiento tampoco hizo constar haber hecho el apercibimiento a los demandados.

En *Stella* v. *Corte,* 41 D.P.R. 635, se sostuvo la validez de un emplazamiento que contenía el apercibimiento, a pesar de que el márshal en su certificado no hizo constar haber hecho tal apercibimiento. Este era un caso de alimentos cuyos procedimientos se rigen por la ley de desahucio.

No hemos encontrado en nuestra jurisprudencia ningún caso interpretando el párrafo segundo del artículo 5 de la Ley de Desahucio, supra, que resuelva que el márshal deberá hacer constar en el diligenciamiento el haber hecho un apercibimiento de palabra a los demandados en el momento de entregarles el emplazamiento en el cual sí consta el apercibimiento que requiere dicha sección.

La orden de citación y el emplazamiento son los que deben contener el apercibimiento y en el caso de autos, como hemos visto, tanto la orden de citación expedida por la corte, como el emplazamiento, servidos a los demandados con copia de la demanda, expresamente-decían que "se les apercibe que si en dicho día y hora no comparecen ustedes por sí o por medio de legítimo apoderado o abogado, se decretará el desahucio sin más citarles ni oírles, . . ." En su consecuencia, la corte municipal actuó con jurisdicción y también la tenía la corte inferior en grado apelativo para continuar conociendo del caso.

*Debe dejarse sin efecto la resolución recurrida y devolverse el caso para ulteriores procedimientos.*